NUMBER 13-01-201-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI






AMPARO E. GARCIA, INDIVIDUALLY AND AS INDEPENDENT EXECUTRIX

OF THE ESTATE OF JAVIER ESCALANTE AND PIEDAD C. ESCALANTE , Appellant,



v.




COMMISSIONERS COURT OF CAMERON COUNTY, TEXAS Appellee.






On appeal from the 35 7th District Court

of Cameron County, Texas.





O P I N I O N

Before Justices Yañez, Castillo, and Dorsey (1)

Opinion by Justice Castillo




 Appellants Amparo E. Garcia, individually and as independent executrix of the estate of Javier Escalante, and Piedad C.
Escalante (collectively, "the Escalantes") complain the trial court erred in granting summary judgment to appellees Jose
Vega, Simon H. Vega, Andres Vega, Anita Vega, Maria De La Luz Vega, Guadalupe Ayala, Lloyd K. Bradley, Jr., Andy
Joiner, Jose Araujo, Jose Vega, and Isabel Vega (collectively, "the Vegas"). The Vegas reply that summary judgment was
proper. 

 Our initial inquiry is always whether we have jurisdiction over an appeal. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 443 (Tex. 1993). We are obligated to determine, sua sponte, our own jurisdiction. N.Y. Underwriters Ins. Co.
v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990) (per curiam); Welch v. McDougal, 876 S.W.2d 218, 220 (Tex. App.-Amarillo
1994, writ denied). In dismissing this appeal for want of jurisdiction, we first analyze the claims brought by the parties. 

 

I. PROCEDURAL HISTORY


A. Summary of the Proceedings


 The Escalantes sought a declaratory judgment against the Los Fresnos Consolidated Independent School District ("Los
Fresnos CISD") and the Commissioners Court of Cameron County, Texas ("Cameron County") regarding the closing of
Missouri Street in Cameron County, Texas. The Vegas intervened, seeking a declaratory judgment against the Escalantes
and against Los Fresnos CISD regarding ownership of and access to the road, and the Escalantes in turn counter-claimed
against the Vegas for a declaratory judgment. Both the Escalantes and the Vegas requested attorney fees. The Vegas filed
a traditional and no-evidence motion for summary judgment. The four declaratory judgment actions were the live
pleadings before the trial court at the time the Vegas filed their motion for summary judgment. Without specifying the
grounds, the trial court granted the Vegas' motion and their request for attorney fees. This appeal ensued. (2) 

B. The Escalantes' Original Claims

 At the time the trial court considered the Vegas' motion for summary judgment, it had before it the Escalantes' first
amended original petition and application for temporary restraining order. In the amended petition, the Escalantes sought: 
(1) a temporary restraining order to prevent Los Fresnos CISD from presenting a petition to Cameron County to close
Missouri Street as well as to restrain Cameron County from taking any action to discontinue or abandon any portion of
Missouri Street; and (2) under chapter 37 of the civil practice and remedies code (the "Declaratory Judgment Act") (3), that
the trial court determine and declare: (a) the rights, status, and other legal relations between the Escalantes and Los Fresnos
CISD and between the Escalantes and Cameron County concerning Missouri Street; and (b) that a permanent injunction
was necessary to preclude and prevent the discontinuance and abandonment of all or any portion of Missouri Street. 

C. Los Fresnos CISD and Cameron County's Answers

 To the Escalantes' claims, Los Fresnos CISD filed an answer asserting that the Escalantes' petition was either moot or
premature because: (1) Los Fresnos CISD had withdrawn its petition to close Missouri Street; (2) there was no request
pending before the Commissioners Court of Cameron County to close the road; and, as a result, (3) Cameron County had
not ordered closure of the road. Cameron County answered the Escalantes' claims with a general denial. The Escalantes
nonsuited their claims against both governmental entities after entry of the summary judgment, and the trial court signed
orders of nonsuit. 

 

D. The Vegas' Intervention


 Like the Escalantes, the Vegas brought their intervention under the Declaratory Judgment Act. In their second amended
plea in intervention, the Vegas alleged that the Escalantes sought "to block off a portion of Canal Road (4) that would
prohibit the Intervenors having ingress or egress to their homes located off of Canal Road." The Vegas requested the Court
to: (1) determine that the Escalantes or their predecessors in title permitted the use of Canal Road to such an extent that it
had become a public road; (2) alternatively, determine that the Vegas had an easement by prescription to access their
property; (3) determine and declare the rights, status, and other legal relations between the Vegas and the Escalantes and
between the Vegas and Los Fresnos CISD concerning the interpretation of a deed conveying a one-acre tract of land to the
Escalantes; (4) alternatively, to prohibit the Escalantes from restricting access in any manner until such time as a public
road was connected to Canal Road that would give the Vegas access to their property; (5) and, (5) award attorney fees to the
Vegas under section 37.009 of the Declaratory Judgment Act. (6) The Vegas did not nonsuit their claims against Los
Fresnos CISD, and no order of nonsuit appears in the record either before or after the trial court signed the order granting
the Vegas' motion for summary judgment. 

E. The Escalantes' Counter-Claims

 Also at the time the trial court considered the Vegas' motion for summary judgment, it had before it the Escalantes'
counter-petition against the Vegas for a declaratory judgment in which the Escalantes alleged that: (1) the "road connecting
FM 1575 on Canal Street was a private road partially across real estate owned" by the Escalantes; (2) the "private road" was
established by Piedad Escalante and her late husband for their private use, and, although used by other persons who own
property on Canal Street, neither Escalante nor her husband intended to dedicate the property for public use; (3) the
Escalantes were owners of the land in fee simple: (4) the "private road" was never dedicated as a public road; and (5) no
easement for public use of the road existed. The Escalantes also filed their counter-petition under the Declaratory
Judgment Act, requesting that the trial court: (1) determine and declare the rights, status, and other legal relations between
the Escalantes and the Vegas; and (2) award attorney fees to the Escalantes under section 37.009 of the Declaratory
Judgment Act. (7) 

 We now turn to the summary judgment proceedings. 

II. THE SUMMARY JUDGMENT PROCEEDINGS

A. The Vegas' Motion for Summary Judgment


 In their motion for summary judgment, the Vegas contended that the essential element of the Escalantes' claim was that the
Escalantes were the "fee owner of the land which they are seeking to barricade and cut off from use" by the Vegas. The
Vegas further claimed that their summary judgment evidence established that: (1) the Escalantes "have neither plead nor
can they prove ownership of the existing roadway to which they are making claim"; (2) the Escalantes' claim must fail
because the Escalantes' "predecessor in title excepted from the conveyance the 16 ½ foot piece of property in question
herein. Said 16 ½ foot of land has been and continues to be dedicated as a road for the use by the public"; (3) the
Escalantes did not specifically claim that they were the fee simple owners of the 16-½-foot-wide road that was the subject
of the suit; (4) the disputed land was carved out of the estate conveyed by deed to the Escalantes; (5) the Escalantes could
not establish an unbroken chain of title; (6) the Escalantes judicially admitted to the uninterrupted use of the property by
other landowners; (7) it was established as a matter of law that the Escalantes had no right, title, or interest that permitted
the Escalantes to prohibit the Vegas, or anyone else, from using the established and dedicated road; and (8) the road had
been maintained by Cameron County since April 1980. Further, the Vegas sought judgment for reasonable and necessary
attorney fees in the amount of $5,500. In their prayer, the Vegas asked the trial court: (1) to find that the property the
Escalantes "wish to block off or barricade is now a public road and for which the Escalantes have [n]o title or right to
interfere with its use"; (2) to declare that the 16-½-foot-wide road was a public road; and (3) to order reasonable attorney
fees. 

 The Vegas' summary judgment evidence consisted of: (1) a letter from the Escalantes to appellee Bradley advising that it
was necessary to stop all through traffic on the private road; (2) a hand-rendered drawing depicting the properties in
question; (3) a copy of the petition, with attachment, by Los Fresnos CISD regarding abandonment of Missouri Street; (4) a
warranty deed to Javier Escalante Sr. and Piedad C. Escalante; (5) the affidavit of Manuel Flores, with attachments; (6) a
copy of a letter by a commissioner indicating Cameron County had taken responsibility for maintenance of an existing
roadway through and over the Vegas' property; and (6) an affidavit for attorney fees in the amount of $5,500 for work
performed. (8) 

B. The Escalantes' Response to the Vegas' Motion for Summary Judgment


 To the Vegas' motion for summary judgment, the Escalantes responded that the Vegas failed to establish either that the
road was carved out of the estate conveyed to the Escalantes or that it was dedicated for public use. Attached as summary
judgment evidence to the Escalantes' response was the affidavit of appellant Piedad C. Escalante, who stated that her
husband and she had "established a narrow dirt road" for the "purpose of using the tract for our business" and that "[o]ver
the years, various owners of property on Canal Street have used this narrow dirt road across our land to reach Canal Street
and their properties. We have not objected to this limited use of the dirt street but have never intended to give an actual or
implied dedication of that road to those users or to the public." Further, Piedad Escalante stated that if "Amparo E. Garcia
and I decide to close the described narrow dirt road across our one acre tract and Missouri Street is abandoned, other
owners of property on Canal Street will be unable to reach those properties. All property on Canal Street will be
landlocked."

 Appellant Amparo E. Garcia, by affidavit, testified that the "private road across the one acre tract of land described herein
and established by my parents does not lead to Canal Street but dead ends" into an adjoining lot. She added that "it is the
intention of Piedad Escalante and me to close that private road to through traffic in the near future to avoid any possibility
of implied dedication in later years. Once that private road is closed, the property along Canal Street will have no legal or
actual ingress or egress and will be constructively and actually landlocked."

 In their response, the Escalantes disputed that: (1) the 16-½-foot stretch of land was specifically excluded in the deed to the
Escalantes and thus the road in question was "carved out of the estate to be conveyed"; (2) the road was established as a
"dedicated road for public use" by the prior grantors; and (3) the road had been maintained by Cameron County. The
Escalantes argued that: (1) the Vegas provided no facts or case law to support their contention that the Escalantes did not
own the road on the basis that it was specifically excluded from conveyance and carved out from the estate conveyed; and
(2) the Vegas presented no evidence that the disputed land was dedicated for public use either by express grant or by
implication. 

 The Escalantes also challenged the Vegas' summary judgment evidence as incompetent. They argued that: (1) the
commissioner's letter was hearsay, unauthenticated, and subject to multiple interpretations; and (2) the deed and the
hand-rendered drawing presented by the Vegas in support of their motion for summary judgment did not prove the
described road was the same road the Escalantes established across their property. 

III. DISCUSSION

 The parties filed respective declaratory judgment actions requesting the trial court to determine the rights, status, and other
legal relations between: (1) the Escalantes and Los Fresnos CISD; (2) the Escalantes and Cameron County; (3) the Vegas
and Los Fresnos CISD; and (4) by competing declaratory judgment claims, between the Vegas and the Escalantes. The
Vegas' summary judgment motion sought: (1) a declaration that: (a) the property the Escalantes sought to block off or
barricade was a public road to which the Escalantes had no title or right to interfere with its use; and (b) the 16-½-foot-wide
road was a public road; and (2) an award of attorney fees. 

 Thus, we are faced with a two-pronged threshold inquiry: (1) whether the amended order finally adjudicates the claims
between the Escalantes and the two governmental entities, between the Vegas and Los Fresnos CISD, and between the
Vegas and the Escalantes; and, accordingly, (2) whether this Court has jurisdiction over this appeal. 

A. The Order Granting Summary Judgment


 The Escalantes appeal from an amended order. (9) The amended order grants the Vegas' motion for summary judgment
and their request for attorney fees. The amended order does not address the Vegas' claims against Los Fresnos CISD, nor
does it address the Escalantes' request for attorney fees or specify the amount of attorney fees awarded to the Vegas. 
Substantively, the amended order does not declare the rights of the parties and does not describe the property subject to the
declaration. 

B. Jurisdiction

 Because the question of jurisdiction is a legal question, we follow the de novo standard of review. Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). Jurisdiction of a court is never presumed. El-Kareh v. Tex. Alcoholic
Beverage Comm'n, 874 S.W.2d 192, 194 (Tex. App.-Houston [14th Dist.] 1994, no writ). If the record does not
affirmatively demonstrate the appellate court's jurisdiction, the appeal must be dismissed. Id. The jurisdiction of this Court
is established exclusively by constitutional and statutory enactments. See, e.g., Tex. Const. art. V, § 6; Tex. Gov't Code
Ann. § 22.220 (Vernon 1988). Unless one of the sources of our authority specifically authorizes an interlocutory appeal,
we only have jurisdiction over an appeal taken from a final judgment. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195
(Tex. 2001); N. E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). Absent an express grant of authority,
we do not have jurisdiction to review an interlocutory order. Steeple Oil & Gas Corp. v. Amend, 394 S.W.2d 789, 790
(Tex. 1965) (per curiam); see also Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2003). Therefore, before we
consider the issues, we must first determine if the order granting summary judgment is a final judgment. 

1. Finality


 A judgment is final if it disposes of all pending parties and claims in the record. Guajardo v. Conwell, 46 S.W.3d 862,
863-64 (Tex. 2001) (per curiam) (citing Lehmann, 39 S.W.3d at 192 [sic]); Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266,
272 (Tex. 1992) (orig. proceeding). In cases in which only one final and appealable judgment can be rendered, a judgment
issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and
parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment. 
Lehmann, 39 S.W.3d at 204. The law does not require that a final judgment be in any particular form. Id. at 195. 
Therefore, whether a decree is a final judgment must be determined from its language and the record in the case. Id.

 Suits for declaratory judgment are intended to determine the rights of parties when a controversy has arisen, before any
wrong actually has been committed. Montemayor v. City of San Antonio Fire Dept., 985 S.W.2d 549, 551 (Tex. App.-San
Antonio 1998, pet. denied). The stated purpose of the Declaratory Judgment Act is "to settle and afford relief from
uncertainty and insecurity with respect to rights, status, and other legal relations." Tex. Civ. Prac. & Rem. Code Ann. §
37.002(b) (Vernon 1997). In a declaratory judgment action, the trial court "may award costs and reasonable and necessary
attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code § 37.009 (Vernon 1997). The law does not require
prevailing-party status as a prerequisite to an award of attorney fees in a declaratory judgment action. State Farm Lloyds v.
C.M.W., 53 S.W.3d 877, 894 (Tex. App.-Dallas 2001, pet. denied) (citing Barshop v. Medina County Underground Water
Conservation Dist., 925 S.W.2d 618, 637-38 (Tex. 1996)). 

 We have reviewed the live pleadings of the parties. The amended summary judgment order does not dispose of the
Escalantes' claims against the two governmental entities. However, the controversy giving rise to the Escalantes' petition
against Los Fresnos CISD and Cameron County ended with the Escalantes' nonsuit of the two governmental entities, and
the signing of orders of nonsuit by the court rendered the prior amended order final as to those claims. Iacono v. Lyons,
6 S.W.3d 715, 716 (Tex. App.-Houston [1st Dist.] 1999, no pet.) (per curiam). Nonetheless, the amended order does not
address the Vegas' claims against Los Fresnos CISD, nor did any nonsuit of those claims occur either before or after the
trial court signed the amended order. The amended order also does not declare the rights of the parties on any of the
requested grounds in either the Vegas' intervention petition or their motion for summary judgment. (10) Further, the
amended order grants the Vegas' request for attorney fees, but it does not set the amount, nor does it address the Escalantes'
claim for attorney fees. Accordingly, we hold that the summary judgment order is not a final declaratory judgment. See
Lehmann, 39 S.W.3d at 204. 

2. Disposition


 In Lehmann, the supreme court stated that if an appellate court is uncertain about the intent of a summary judgment order,
it can abate the appeal to permit clarification by the trial court. Lehmann, 39 S.W.3d at 196. In McNally, the supreme
court remanded to the court of appeals to determine whether to abate or dismiss the appeal for want of jurisdiction. 
McNally v. Guevara, 52 S.W.3d 195, 196 (Tex. 2001). In determining whether to abate or dismiss, we note that a court of
appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate
procedure without allowing a reasonable time to correct or amend the defects or irregularities. Tex. R. App. P. 44.3. An
appellate court also is prohibited from affirming or reversing a judgment or dismissing an appeal if the trial court's
erroneous action or inaction prevents the proper presentation of an appeal and can be corrected by the trial court. Tex. R.
App. P. 44.4(a). Further, rule 27.2 provides that "[t]he appellate court may allow an appealed order that is not final to be
modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a
supplemental record." Tex. R. App. P. 27.2. 

 Abatement pursuant to rule 27.2 occurred in Lyons. Lyons, 6 S.W.3d at 716. In that case, the trial court signed a partial
take-nothing summary judgment, and the next day the plaintiff nonsuited the other defendant. Id. at 716. The trial court
did not enter an order of nonsuit. Id. The court of appeals noted that ordinarily, no order of nonsuit is required because a
party is entitled to nonsuit on filing. Id. However, the court went on to hold that when a nonsuit is filed after a partial
summary judgment has been signed, the judgment is not final on its face and does not become final until the trial court
either signs an order of nonsuit or a final judgment explicitly memorializing the nonsuit. Id. Because the trial court's
action of signing an order or final judgment was ministerial, the appellate court abated the appeal and remanded to the trial
court for sixty days to cure the jurisdictional defect, which if not accomplished would result in dismissal for lack of
jurisdiction. Id. We conclude that the orders nonsuiting the Escalantes' claims against the two governmental entities only
rendered the amended summary judgment order final as to those claims. Two additional acts are required in this case
before we can accord finality to the amended summary judgment order: (1) nonsuit by the Vegas of their claims against Los
Fresnos CISD; followed by (2) the signing of either an order of nonsuit or a final judgment explicitly memorializing the
Vegas' nonsuit of their claims against Los Fresnos CISD. Only the second act can be characterized as ministerial, and then
only after the first act has occurred. 

 Further, in addition to the acts required to make the amended summary judgment order final, a final judgment in this case
must declare the property rights determined by the trial court and include a description of the real property subject to the
declaration. We conclude from our review of the record in this case that a determination of the legal description of the
property may involve an evidentiary proceeding. Further, determination of the Escalantes' claim for attorney fees also may
require a further evidentiary proceeding. Both of these evidentiary proceedings may require further rulings of the trial
court, from which decisions the parties will have an opportunity to appeal. 

 We find that determination of the issues associated with finalizing the declaratory judgment in this case requires more than
the determination of perfunctory issues which can be procedurally cured by the trial court entering a clarifying or similar
order. We do not construe rules 27.2, 44.3, or 44.4(a) as conferring authority on an appellate court to abate an appeal while
there are significant issues yet to be determined by the trial court. We have no authority to abate. 

 Accordingly, we hold there is no final, appealable declaratory judgment before this Court over which we have jurisdiction,
nor can we merely abate the appeal until a final order is before us. This Court is without power to review the order granting
summary judgment. The appeal must be, and hereby is, dismissed for want of jurisdiction. 

 

ERRLINDA CASTILLO

Justice



Opinion delivered and filed

this 27th day of March, 2003. 

1. Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. In four issues, the Escalantes assert: (1) the trial court erred in granting summary judgment; (2) there are material
disputed fact questions regarding ownership of the road that was the subject of the litigation; (3) there is no evidence that
the disputed land was dedicated as a road for public use; and (4) the summary judgment evidence was incompetent. 

3. Tex. Civ. Prac. & Rem. Code Ann. § 37.001, et seq. (Vernon 1997). 

4. From the record, we note that at its northernmost end, Missouri Street intersects with Canal Street. 

5. This request stemmed from the Vegas' allegation that the public acquired rights in the road as a public road from long
use and public maintenance. 

6. Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 1997). 

7. Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 1997). 

8. In his affidavit, the Vegas' counsel: (1) stated he performed 27.5 hours of work; (2) summarized the work he performed;
and (3) gave his opinion that a reasonable and customary charge was $200 an hour and that "$5,500 would be a reasonable
fee" for the services performed. 

9. The Vegas filed a motion to clarify the court's original summary judgment order, requesting the trial court to amend the
order to include attorney fees. 

10. We note, for example, that one of the Vegas' alternative claims and summary judgment grounds sought a declaration
that an injunction should issue prohibiting the Escalantes from restricting access in any manner until a public road was
connected to Canal Road. If the amended order is read as granting a request by the Vegas for injunctive relief, it does not
comply with rule 680 of the rules of civil procedure. See Tex. R. Civ. P. 680.