NUMBER 13-02-488-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 

 



FROST NATIONAL BANK, Appellant,



v.




L & F DISTRIBUTORS, LTD., Appellee.

 

On appeal from the 370th District Court of Hidalgo County, Texas. 
 



O P I N I O N


Before Justices Hinojosa, Yañez, and Garza

Opinion by Justice Garza

 

 Frost National Bank ("Frost") appeals from the trial court's award of partial summary judgment to L&F
Distributors, Ltd. ("L&F"). After reviewing the case, we conclude that the trial court's order is not final. 
Consequently, we dismiss Frost's appeal for lack of jurisdiction. 

 This is a contract dispute. Frost and L&F are parties to a lease agreement involving fourteen vehicles. (1) 
Although they agree that their lease is valid and enforceable, the parties dispute the meaning of one of its
terms. Specifically, they disagree on the timing of the lease's purchase option.

 According to both sides, the purchase option allows L&F, the lessee, to buy the leased vehicles from Frost,
the lessor. The parties, however, disagree on when L&F can make such a purchase. L&F, on the one hand,
argues that it is entitled to buy the vehicles from Frost either at or before the end of the lease's term, provided
that it gives ninety-days notice. Frost, on the other hand, insists that L&F cannot exercise the option until the
last day of the lease's term, and even then, Frost argues, L&F must give at least ninety-days notice of its intent
to do so. 

 L&F instituted this suit for specific performance after Frost refused to sell the vehicles to L&F before the end
of the lease term. In response, Frost counterclaimed for a declaratory judgment that L&F's right to purchase
the vehicles will not mature until the last day of the lease term. (2) Both parties moved for summary judgment.
(3) The trial court denied Frost's motion and awarded partial summary judgment to L&F. (4) In relevant part,
its order declared:

[It is therefore]ORDERED, ADJUDGED AND DECREED that the motion for summary judgment filed by
Frost is in all things denied. It is further 

ORDERED, ADJUDGED AND DECREED that the motion for summary judgment filed by L&F is granted in
part. Specifically, it is 

ORDERED, ADJUDGED AND DECREED that as a matter of law Frost breached the leases when it failed
on September 16, 2001 to sell the fourteen (14) vehicles being leased by L&F from Frost for $156,599.53. 

The order also stated, "This judgment disposes of all parties and issues, and is final and appealable." 

 Frost raises two issues on appeal. First, it claims that Hidalgo County was an improper venue for trial, and
second, it argues that the trial court erred in awarding summary judgment to L&F. In disposing of this appeal,
however, we do not reach these issues because we conclude that the trial court's order is not a final disposition
of the case. Unless otherwise statutorily authorized, an appeal may be made only from a final judgment. Tex.
Civ. Prac. & Rem. Code Ann. §§ 51.012, 51.014 (Vernon Supp. 2003). That is, absent an express grant of
authority, we do not have jurisdiction to review an interlocutory order. Garcia v. Comm'rs Court, 101 S.W.3d
778, 786 (Tex.App.--Corpus Christi 2003, no pet. h.) (citing Steeple Oil & Gas Corp. v. Amend, 394 S.W.2d
789, 790 (Tex. 1965) (per curiam)). If the record does not affirmatively demonstrate our jurisdiction, we
must dismiss the appeal. Id. 

 A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except
as necessary to carry out the decree. Lehmann v. HAR-CON Corp., 39 S.W.3d 191, 195 (Tex. 2001); Jack B.
Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992); Hinde v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985). 
Notwithstanding the straightforward formulation of this rule, Texas appellate courts have struggled in
determining the finality of judgments. See, e.g., Lehmann, 39 S.W.3d at 195-203 (surveying Texas cases on
the subject dating from 1849 through the twentieth century). In Lehmann, the supreme court addressed this
problem by forging a dynamic rule of inquiry that looks at both the language of the court's decree and the
record of the case in determining whether a judgment is final. See id. at 195, 205-06. Specifically, the court
held that "an order or judgment is not final for purposes of appeal unless it actually disposes of every pending
claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and parties." 
Id. at 205. 

 In fashioning this new approach, the supreme court noted that "an order can be final and appealable when it
should not be." Id. at 204. The opposite, however, is not true. An order that disposes of the entire case can
never be interlocutory. Id. at 200. The court explained:

The language of an order or judgment cannot make it interlocutory when, in fact, on the record, it is a final
disposition of the case. But the language of an order or judgment can make it final, even though it should
have been interlocutory, if that language expressly disposes of all claims and parties. It is not enough, of
course, that the order or judgment merely use the word "final." The intent to finally dispose of the case must
be unequivocally expressed in the words of the order itself. But if that intent is clear from the order, then the
order is final and appealable, even though the record does not provide an adequate basis for rendition of
judgment. . . . A judgment that grants more relief than a party is entitled to is subject to reversal, but it is not,
for that reason alone, interlocutory. 



Id. (emphasis added). In short, the finality of a judgment depends not only on its effect but also on the trial
court's intent as manifested in the language of its decree. 

 After reviewing the order before us, we cannot conclude that it "unequivocally expresses" the intent to finally
dispose of this case. See id. Its language does not unequivocally purport to resolve all of the issues before the
court. See id. at 195. Despite having explicitly concluded that Frost breached the contract, the trial court did
not grant or deny a remedy for L&F. Its order does not address L&F's demand for specific performance. 

 Rather than discussing a remedy, the order ends unceremoniously with the sentence: "This judgment disposes
of all parties and issues, and is final and appealable." Although from this language alone, we might conclude
that the words of the order unequivocally express the intent to finally dispose of the case, we will not give the
order such short shrift. See id. at 206. In Lehmann, the supreme court admonished Texas courts not to take
as dispositive proof of finality a clause that may "have had no intended meaning at all, having been inserted for
no reason other than that it appears in a form book or resides on a word processor." Id. at 204. In this case,
we cannot say that the final sentence of the order is anything more than a next-generation permutation of the
standard Mother Hubbard clause, which the Texas Supreme Court has unqualifiedly rejected as being any
indicia of finality. See id. Consequently, we look at the language of the entire order, and not merely its last
sentence, to determine whether it unequivocally expresses the intent to finally dispose of the case. We
conclude that it does not. 

 Aside from the sentence quoted above, the order gives no indication that the court intended to resolve the
case completely. In fact, it indicates quite the opposite: that the court intended to resolve the remedy issue in
some subsequent proceeding that never occurred because the parties appealed. At trial, L&F moved for
summary judgment on two grounds: (1) breach of contract; and (2) specific performance. The court's intent
to leave the issue of specific performance open is evidenced not only by its use of the term "in part" to
describe its award to L&F but also by the substance of its decision. That is, the order declares a breach of
contract but then leaves the remedy issue unresolved. 

 A claim for breach of contract is legally distinct from the remedy of specific performance. Like an award of
damages, specific performance is a means of enforcing the terms of a contract; it is a means of redressing a
breach. See, e.g., Campbell v. Northwestern Nat'l Life Ins. Co., 573 S.W.2d 496, 498 (Tex. 1978) (citing
Botello v. Misener-Collins Co., 469 S.W.2d 793, 795 (Tex. 1971)). In contrast to damages, however, the
remedy of specific performance is purely equitable in nature and is governed exclusively by the maxims and
principles of equity. Paxton v. Spencer, 503 S.W.2d 637, 642 (Tex.Civ.App.--Corpus Christi 1973, no writ.). 
As we have previously noted, "Relief by way of specific performance is a matter of grace and not of absolute
right." Hamon v. Allen, 457 S.W.2d 384, 390 (Tex.Civ.App.--Corpus Christi 1970, no writ). Thus, although
the finding of a breach in this case opens the door for a remedy of some sort, L&F is not entitled to specific
performance solely on the grounds that Frost breached the lease agreement. 

 In sum, the order does not purport to award summary judgment to L&F on its claim for specific performance,
but its language gives us no reason to conclude that the trial court intended to dismiss that claim. By its own
terms, the order left the issue of specific performance open. Consequently, it neither resolves the case entirely
nor unequivocally expresses the intent to do so. The judgment is not final. 

 We conclude that the trial court still has significant issues to determine, which will require more than the
disposition of perfunctory issues that can be procedurally addressed. See Garcia, 101 S.W.3d at 786. We are
therefore without authority to hear or even abate this case. Id. Accordingly, we dismiss Frost's appeal for
lack of jurisdiction.

 


__________________________

DORI CONTRERAS GARZA,

Justice





Opinion delivered and filed

this 26th day of June, 2003.

1. This case actually involves two lease agreements, but because the agreements are substantively identical and
because we prefer simplicity, we refer to them collectively as a single lease. See, e.g., Columbia Gas
Transmission Corp. v. New Ulm Gas, Ltd., 940 S.W.2d 587, 588 n.1 (Tex. 1996) (doing the same thing in a
case involving five substantively similar contracts).

2. Specifically, Frost pled:

Frost is entitled to and seeks declaration of the parties' relative rights and responsibilities . . . . Specifically,
Frost seeks a declaration from this Court that the options to purchase the Equipment which are afforded to
L&F under the Leases do not mature and need not be recognized by Frost until the expiration of the initial
60-month terms of the Leases . . . . Frost also seeks a declaration that L&F is in default of its payment
obligations to Frost under the Leases. 

3. Frost asked the court to declare that as a matter of law, L&F could not buy the vehicles until the end of the
lease and that L&F breached the lease by not making its scheduled payments during the course of this
litigation. For its part, L&F argued, "The summary judgment evidence conclusively establishes that Frost has
breached the lease agreements and that L&F is entitled to specific performance."

4. The trial court also awarded L&F attorney's fees.