NUMBER 13-01-768-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

___________________________________________________________________


GUADALUPE HERNANDEZ , Appellant,



v.




AURELIO LEO LARA , Appellee.

___________________________________________________________________


On appeal from the 92nd District Court

of Hidalgo County, Texas.

__________________________________________________________________



MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Castillo

Opinion by Justice Rodriguez



 Pro se appellant, Guadalupe Hernandez, appeals from the trial court's order granting summary judgment in favor of
appellee, Aurelio Leo Lara. By twelve points of error, Hernandez contends: (1) the court erred, as a matter of law, in
finding in favor of Lara on the affirmative defenses of res judicata and collateral estoppel; (2) she has legal capacity to sue
as an individual appearing pro se; and (3) this Court lacks jurisdiction because the judgment does not address all plaintiffs. 
We dismiss for lack of jurisdiction.

 As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here. See Tex. R.
App. P. 47.4.

 "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as
necessary to carry out the decree." Lehmann v. Har-Con Corp, 39 S.W.3d 191, 195 (Tex. 2001). Because jurisdiction is a
legal question, we review it under a de novo standard. Garcia v. Comm'rs Court of Cameron County, 101 S.W.3d 778, 783
(Tex. App.-Corpus Christi 2003, no pet.) (citing Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998)).

 The original and amended petitions and plaintiffs' responses in this case are written in the plural as to all plaintiffs. 
However, the petitions and responses are signed only by Guadalupe Hernandez, pro se. Lara's original and amended
answers and his motion for summary judgment also refer to all plaintiffs in some sections. In other sections of his answers
and motion, however, Lara refers only to Guadalupe Hernandez, individually. Furthermore, the trial court's order granting
summary judgment in favor of Lara discusses all plaintiffs in one paragraph, but identifies only Guadalupe Hernandez,
individually, in another paragraph. Finally, Lara's answers and motion were served on Guadalupe Hernandez, and the
court's order was mailed only to Guadalupe Hernandez, not to the other plaintiffs.

 Abatement of an appeal is possible to permit clarification of an order by the trial court. See Lehmann, 39 S.W.3d at 196. 
In this case, however, we conclude that determination of the issues associated with finalizing the summary judgment
requires more than deciding perfunctory issues which can be procedurally cured by abatement. See Garcia, 101 S.W.3d at
785-86. From our review of the record, we conclude that a determination of the parties in the case, and those remaining, if
any, after the summary judgment was entered, may require an evidentiary proceeding. From this proceeding may come
further rulings of the trial court, rulings from which the parties may have an opportunity to appeal. See id. at 786.

 Accordingly, we hold there is no final, appealable summary judgment before this Court over which we have jurisdiction. 
Neither can this appeal merely be abated until a final order is before us. We, hereby, dismiss this appeal for want of
jurisdiction.

 Furthermore, Lara's motions urging and reurging this Court to dismiss the appeal and affirm the trial court's judgment,
motions that were carried with the case, are also dismissed for want of jurisdiction.

 

NELDA V. RODRIGUEZ

Justice



Opinion delivered and filed

this the 3rd day of July, 2003.