

NUMBER 13-16-00222-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**THE ESTATE OF RUBEN LOPEZ, M.D.,**                    Appellant,

**v.**

**BARBARA SONDOCK, IN HER
INDIVIDUAL CAPACITY AND AS
INDEPENDENT EXECUTOR OF THE
ESTATE OF MARVIN SONDOCK, DECEASED,**            Appellee.

---

On appeal from the 107th District Court
of Cameron County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Benavides**

In this medical negligence case, we are asked to determine whether the trial court

abused its discretion in denying appellant, the Estate of Ruben Lopez, M.D.'s[1] motion to dismiss pursuant to Section 74.351 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West, Westlaw through 2015 R.S.). We affirm.

## I.    BACKGROUND

Marvin Sondock died on July 8, 2014 following his admission to Valley Baptist Medical Center in Harlingen under the care of Dr. Ruben Lopez. In late April 2015, Barbara Sondock, in her individual capacity and as independent executor of the state of Marvin Sondock (collectively "Sondock," unless otherwise noted) filed suit against Dr. Lopez alleging that Dr. Lopez violated various duties of care owed to Marvin and as a result, caused Marvin's death. On June 5, 2015, Dr. Lopez himself died, and Sondock filed a suggestion of death seeking to proceed with her suit against the independent executor of the Estate of Ruben Lopez, M.D., Daniel Perez, through a writ of scire facias. *See* TEX. R. CIV. P. 152 (outlining the procedure of moving forward with litigation after a defendant's death). Sondock experienced difficulty serving Perez and moved for an order allowing for alternative service, which was granted by the trial court on September 24, 2015. *See id.* R. 106(b).

On November 3, 2015, the Estate of Ruben Lopez, M.D. (hereinafter "the Estate") answered Sondock's lawsuit. On March 15, 2016, the Estate filed a motion to dismiss Sondock's lawsuit under section 74.351(a) of the civil practice and remedies code claiming that Sondock failed to serve the Estate with an expert report within the relevant

---

[1] Ruben Lopez, M.D. was the originally named defendant in this case. However, shortly after the filing of the lawsuit, Dr. Lopez died and The Estate of Ruben Lopez, M.D. answered the suit. We will discuss appellant's status in more detail in Part II of this opinion.

time period mandated by section 74.351(a).   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a).    The trial court initially granted the Estate's motion to dismiss, but subsequently rescinded its order and denied the motion to dismiss.   This interlocutory appeal followed.   *See id.* § 51.014(a)(9) (West, Westlaw through 2015 R.S.).

## II.    JURISDICTION

In every case, our initial inquiry is always whether we have jurisdiction over an appeal.   *Garcia v. Comm'rs Court of Cameron Cnty.*, 101 S.W.3d 778, 779 (Tex. App.—Corpus Christi 2003, no pet.).   Therefore, prior to reaching the merits of the Estate's issue on appeal, we will first address a question raised by Sondock on appeal regarding whether this Court possesses subject-matter jurisdiction of this appeal because the Estate is not a legal entity that can seek or receive relief in the courts.[2]

Generally, a decedent's estate is not a legal entity and may not properly sue or be sued as such.   *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005); *Price v. Estate of Anderson*, 522 S.W.2d 690, 691 (Tex. 1975).   This means that although an estate may or may not have a justiciable interest in the controversy, the entity itself lacks legal authority to participate in the litigation, but the law grants another party the capacity to act on the party's behalf.   *See Lovato*, 171 S.W.3d at 849.   Unlike standing, however, which may be raised at any time because it deals with a court's subject-matter jurisdiction, a challenge to a party's capacity must be raised by a verified pleading in the trial court.   *Id.* (citing TEX. R. CIV. P. 93(1)–(2); *Sixth RMA Partners v.*

---

[2] Although Sondock argues that the Estate lacked standing in this case, meaning that the Estate does not have a sufficient relationship with the lawsuit so as to have a "justiciable interest" in its outcome, the substance of Sondock's arguments relate more to the issue of capacity, a procedural issue dealing with the qualifications of a party to litigate.   *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005).   Therefore, we will address the issue of capacity.

3

*Sibley*, 111 S.W.3d 46, 56 (Tex. 2003)). An argument that an opposing party does not have the capacity to participate in a suit can be waived by a party's failure to properly raise the issue in the trial court. *Sixth RMA Partners*, 111 S.W.3d at 56.

Here, the record is devoid of any challenge by verified pleading from Sondock regarding the Estate's legal authority to act and participate in the litigation. Additionally, the record shows that Sondock's counsel faxed written correspondence to the Estate's attorney prior to the Estate filing its answer stating that the letter was intended to serve as a "courtesy letter . . . to give [the Estate's attorney] an opportunity to file an answer on behalf of Dr. Lopez's estate" before a default judgment would be sought by Sondock, because Perez failed to file an answer, after being served with the lawsuit by alternative service. Finally, Sondock propounded written discovery upon the Estate, and the Estate answered several questions in the written discovery on behalf of Perez, in his capacity as the Estate's executor. Based on these facts and procedural history, we conclude that Sondock waived any complaint to challenge the Estate's capacity to participate in this lawsuit.[3] *See id.* Accordingly, we grant Sondock's motion for leave to file her reply to the Estate's response to her motion to dismiss and deny Sondock's motion to dismiss for want of jurisdiction.

---

[3] We note that in the Estate's filings with this Court, it asserts that Sondock's capacity complaints, if successful, would require this Court and the trial court to engage in a "useless exercise" because on remand, it would require the Estate to amend its pleadings and include "'Independent Executor, Daniel Perez' to all of the already existing pleadings . . . . [, and] the newly addressed Defendant Appellant would file another Motion to Dismiss based on the same legal arguments already before this Court . . . ."

In light of our holding today, we strongly recommend that the Estate amend its pleadings and include Perez as a party to avoid any further confusion moving forward, or alleviate any further doubt that Perez is the proper party to this litigation in his capacity as the independent executor of the Estate. If this is not undertaken within a reasonable time period, we call on the trial court to take necessary action to ensure that this is accomplished.

We will now proceed to analyze the merits of the Estate's issue on appeal.

## III.  EXPERT REPORT

By one issue, the Estate asserts that the trial court abused its discretion by denying its motion to dismiss based on Sondock's purported failure to file an expert report under section 74.351(a) of the civil practice and remedies code because: (1) Sondock served the expert report to Dr. Lopez prior to filing suit rather than "simultaneously and/or after the original petition was filed"; and (2) by serving her expert report to Dr. Lopez pre-suit, Dr. Lopez was not yet a party to a lawsuit as section 74.351(a) requires.[4]

### A.  Standard of Review and Applicable Law

We review a trial court's ruling on a motion to dismiss under section 74.351 for an abuse of discretion.  *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001).  Under this standard, we defer to the trial court's factual determinations supported by the record, but review de novo the trial court's legal determinations.  *See Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011).

Section 74.351(a) states the following:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties. Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the later of the 21st day after the date the report is served or the 21st day after the date the defendant's answer is filed, failing which all objections are waived.

---

[4] The Estate also argues that it did not waive the right to file its motion to dismiss by answering written discovery in this case.  However, in light of our holding affirming the trial court's denial of the Estate's motion to dismiss, we need not address this waiver argument today.

Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). If a claimant fails to timely serve a qualifying expert report, the trial court shall dismiss the claim with prejudice. *Id.* at § 74.351(b).

**B.  Discussion**

The arguments advanced by the Estate in this appeal were recently addressed by the Texas Supreme Court in *Hebner v. Reddy*, __ S.W.3d __, 2016 WL 3172644, at *1 (Tex. 2016). In *Hebner*, the court answered *inter alia* whether plaintiffs failed to timely serve a qualifying expert report on a defendant physician, when the plaintiffs voluntarily served an expert report approximately six months prior to filing suit. *See id.* The court held that "nothing [in Chapter 74 of the Texas Civil Practice and Remedies Code] compels the conclusion that a plaintiff cannot satisfy the expert-report requirement through pre-suit service of an otherwise satisfactory expert report." *Id.* Furthermore, the court held that "[p]re-suit service of an expert report, though not required, can only further the statute's objective of encouraging and enabling parties to settle healthcare-liability claims without resorting to the lengthy and expensive litigation process." *Id.* at *3. Finally, the court also held that Chapter 74 "requires a claimant to serve an expert report on a 'party' not later than 120 days after filing the original petition . . . . [,] does not prohibit the plaintiff from serving a report on a party before filing the petition . . . . [,] and does not state that the party must be a party at the time the report is served. . . ." *Id.* at *4.

Here, Sondock served her expert report to Dr. Lopez on November 20, 2014, about five months before filing her original petition against Dr. Lopez, even though he was not a party to a lawsuit at the time the report was served. Under *Hebner*, Sondock's pre-suit

6

service of her expert report to Dr. Lopez was not prohibited under Chapter 74 and was well before the expiration of section 74.351(a)'s 120-day deadline to file such qualifying expert report. *See id.* We overrule Dr. Lopez's sole issue on appeal.

## IV. CONCLUSION

We affirm the trial court's order.

GINA M. BENAVIDES,
Justice

Delivered and filed the
15th day of September, 2016.