

# NUMBER 13-23-00412-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

AUTO MECHANICS SERVICE
PLUS, LLC AND MOHAMMAD
AL-BARNAWI, INDIVIDUALLY,                                    Appellants,

v.

G. MICHAEL RAGOSS,                                          Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 3
## OF NUECES COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron**
**Memorandum Opinion by Justice West**

Appellants Auto Mechanics Service Plus, LLC and Mohammad Al-Barnawi, individually, appeal an "Order Granting Plaintiff's Motion to Reform Judgment." Appellants argue the subject order is void because the trial court's plenary power had expired. We

vacate and render.

## I. BACKGROUND

This litigation involves a dispute related to automobile repairs. Appellee G. Michael Ragoss filed a petition asserting the following claims: deceptive trade practices, conversion, common law fraud, negligent hiring, supervision, and/or management, and breach of contract.

A bench trial was held on October 18, 2022. Three days later the trial court issued an order (First Order) stating:

> On this the 21st day of October, 2022 the Court took under consideration Plaintiff's Motion for Partial Summary Judgment. The Court, having reviewed the pleadings, and having heard argument of counsel, and having considered the evidence, is of the opinion that the said request for monies should be granted as follows.
>
> IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that Defendant Auto Mechanics Service Plus and Mohammad Al-Barnawi be ordered to pay Plaintiff, Michael Ragoss the sum of $1,365.22 within 90 days of the date of this order.
>
> SIGNED this the 21st day of October, 2022.

Almost seven months later, sua sponte, the trial court issued another order (Second Order) that states:

> On this the 8th day of May, 2023, the Court took under consideration the pleadings, argument of counsel, and having considered the evidence, is of the opinion that the said request for monies spent should be granted as follows.
>
> IT IS THEREFORE, ORDERED, AND DECREED that Defendant Auto Mechanics Service Plus and Mohammad Al-Barnawi be ordered to pay Plaintiff, Michael Ragoss the sum of $1,365.22 within 90 days of the date of this order.
>
> SIGNED this the 8th day of May, 2023.

Twenty-nine days after the Second Order, Ragoss filed "Plaintiff's Motion to Reform Judgment" seeking to "modify, correct, or reform the judgment" and averring that the trial court's monetary award was inadequate. The trial court granted the motion, vacated the Second Order, and awarded a larger sum of money in a Third Order.

Abating the appeal, this Court inquired as to the finality of the Third Order. The trial court responded as follows:

> This is in response to the Court of Appeal's Order of Abatement. This Court signed an order dated August 19, 2023. This Court fully intended the judgment to dispose of all claims and all parties. Further there exists no other pending claims or parties pending before it in this matter.[1]

## II.    STANDARD OF REVIEW & APPLICABLE LAW

A challenge to the trial court's subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A challenge to the trial court's authority to amend or modify a prior judgment is a challenge to its plenary jurisdiction and is reviewed de novo. *See, Coleman v. Sitel Corp.*, 21 S.W.3d 411, 413 (Tex. App.—San Antonio 2000, no pet.).

## III.    DISCUSSION

First, this Court must determine whether the First Order was final and appealable, triggering the trial court's thirty-day plenary power period. Second, the Court will address the effect of the subsequent orders.

---

[1] The reporter's record was not filed in this appeal. *See* TEX. R. APP. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record."), 37.3(c) ("[T]he appellate court may—after first giving the appellant notice and a reasonable opportunity to cure—consider and decide those issues or points that do not require a reporter's record for a decision."). The Court finds the reporter's record is not necessary to this appeal given that the three relevant orders and the trial court's statement are before us.

3

**A.     Finality**

A judgment is final if it disposes of all pending parties and claims in the record. *Garcia v. Comm'rs Ct. of Cameron Cnty.*, 101 S.W.3d 778, 784 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.) (mem. op.). However, a "judgment need not expressly dispose of all issues and claims in order to be final." *Vaughn v. Drennon*, 324 S.W.3d 560, 562 (Tex. 2010). The law does not require that a final judgment be in any particular form. *Garcia*, 101 S.W.3d at 784. No magic language is required. *Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 155 (Tex. 2023). Rather, the *Aldridge* presumption establishes that a judgment issued after a conventional trial on the merits is presumed to be a final, appealable judgment. *Vaughn*, 324 S.W.3d at 562. The Supreme Court of Texas rationalized the necessity of the *Aldridge* presumption by explaining that simplicity and certainty is imperative in determining the time for perfecting an appeal, and poor draftsmanship or careless oversight should not render judgments interlocutory when such judgments were intended to be final. *Id*. As a result, "unless a trial court orders a separate trial to resolve a specific issue, there is a presumption that the trial court's judgment disposes of all claims and issues in the case." *Id*.

In the present case, a bench trial was held on October 18, 2022. Three days later, the trial court issued the First Order awarding damages. The trial court never ordered a separate trial to resolve any specific issues, and there were no other pending issues or claims. Therefore, pursuant to the *Aldridge* presumption, we presume the First Order to be final and appealable. *See id*.

Any doubts as to a post-trial judgment's finality must be resolved by determining the intention of the trial court. *Id*. Here, while the trial court's First Order states that a

4

"Motion for Partial Summary Judgment" was considered, it granted the specified relief after "hear[ing] argument" and "considering the evidence." No partial summary judgment motion ever existed in this cause. And the only argument and evidence before the trial court was from the bench trial held three days prior. As a result, the trial court could have referred only to the bench trial argument and evidence, and mention of a "partial motion for summary judgment" was a typographical error. This error was corrected, sua sponte, by the Second Order awarding the same damages. Furthermore, in response to our inquiry, the trial court expressed its intent to dispose of all claims and all parties via the Third Order. The Third Order expressly vacates and reforms the Second Order, and the Second Order is identical in substance to the First Order. In other words, the Second Order was intended to correct the First Order, and the Third Order was intended to reform the Second Order. Thus, it is clear that, if the trial court intended the Third Order to be final, then it necessarily intended both the Second Order and the First Order to be final at the time each was signed.

For these reasons, the First Order was a final and appealable judgment when rendered on October 21, 2022.

## B. Modifications to Judgment

Given the First Order's finality, we now turn to the effect, if any, of the trial court's subsequent modifications of the First Order. Following signature of a final judgment, trial courts maintain plenary power to vacate, modify, correct, or reform a final judgment for thirty days. TEX. R. CIV. P. 329b(d), (f). Accordingly, the trial court's plenary power expired on November 20, 2022. *See* TEX. R. CIV. P. 329b(d), (f).

5

The law distinguishes two kinds of corrections to final judgments: clerical errors and judicial errors. Clerical errors may be corrected by the trial court at any time. *In re Elizondo*, 544 S.W.3d 824, 825 (Tex. 2018). A clerical error is one which, after being corrected, does not change the terms of the judgment as rendered. *Cappadonna Elec. Mgmt. v. Cameron County.*, 180 S.W.3d 364, 375 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.). It is merely a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered by the court and does not arise from judicial reasoning or determination. *Hernandez v. Lopez*, 288 S.W.3d 180, 184 (Tex. App.— Houston [1st Dist.] 2009, no pet.); *see Martinez v. Olmos*, No. 13-18-00650-CV, 2020 WL 5054794, at *2 (Tex. App.—Corpus Christi–Edinburg July 9, 2020, pet. struck) (mem. op.). In contrast, judicial errors may only be corrected before the expiration of the trial court's plenary power. *Id*. (holding orders correcting judicial errors beyond the period of the court's plenary power are void (citing TEX. R. CIV. P. 329b(d), (f))). A judicial error occurs in the rendering, rather than the entering, of a judgment and arises from a mistake of law or fact that requires judicial reasoning to fix. *In re Marriage of Russell*, 556 S.W.3d 451, 456 (Tex. App.—Houston [14th Dist.] 2018, no pet.)*.

For example, a trial court's insertion of "4,00.00" in the place of "4,000.00" in a judgment was a clerical error. *SLT Dealer Grp v. AmeriCredit Fin. Servs., Inc.*, 336 S.W.3d 822, 832–33 (Tex. App.—Houston [1st Dist.] 2011, no pet.). In another example, a trial court's statement that dismissal was pursuant to a motion for "sanctions" rather than a motion for "summary judgment" was a clerical error where the trial court actually considered a summary judgment motion and not a sanctions motion. *Butler v. Cont'l Airlines, Inc.*, 31 S.W.3d 642, 648 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). On

6

the other hand, changing substantive terms, such as awarding different numerical amounts or different property than was originally rendered, is correction of a judicial error. *See In re Marriage of Russell*, 556 S.W.3d at 458–60; *see also Montemayor v. Garcia*, No. 13-09-00342-CV, 2011 WL 578603, at *2–3 (Tex. App.—Corpus Christi–Edinburg Feb. 17, 2011, no pet.) (mem. op.).

### i.      Second Order

The Second Order was identical in substance to the First Order except that it excluded the reference to a summary judgment motion. Both orders purported that the trial court reviewed the pleadings, argument, and evidence and assessed the same monetary award and payment terms. No summary judgment existed in the record. Similar to the *Butler* court, the trial court did not actually render decision on a summary judgment motion when it signed the First Order but rather made a typographical error. 31 S.W.3d at 648. The trial court sought to correct that error by filing the Second Order which removed the incorrect and inapplicable language. *See id.*

This is a correction that involves error in entry of information and does not change the substance of the original judgment rendered. *See Cappadonna*, 180 S.W.3d at 375. It does not involve alteration to the amount, type, or nature of the award originally reasoned and rendered by the trial court. *In re Marriage of Russell*, 556 S.W.3d at 458–60; *see also Montemayor*, 2011 WL 578603 at *2–3. For these reasons, we conclude the Second Order corrected a clerical error, and the trial court was authorized to do so months after its plenary power expired.[2]

---

[2] A trial court typically corrects a clerical error on a party's motion for judgment nunc pro tunc. *See* Tex. R. Civ. P. 316, 329b(f); *see, In re Marriage of Russell*, 556 S.W.3d 451, 453 (Tex. App.—Houston [14th Dist.] 2018, no pet.). The parties did not address whether the Second Order was properly entered in

### ii. Third Order

The Third Order purported to vacate and reform the Second Order. It included a higher monetary sum awarded and new awards such as interest and court costs. It also labeled the new sum awarded as "economic damages."

The foregoing changes are not changes involving errors in entry or recording of the actual judgment rendered but involve the exercise of judicial reasoning and discernment to change the substance of the original judgment rendered. *See In re Marriage of Russell*, 556 S.W.3d at 458–60. In fact, Ragoss's motion which prompted the Third Order argues the trial court failed to order the full relief Ragoss believed he proved his entitlement to at trial. Such is a motion seeking the trial court's reconsideration of the kind, type, and amount of its previous rendering, not a motion for the trial court to correct a clerical error. *See id.*; *see also Montemayor*, 2011 WL 578603 at *2–3. Thus, these changes are corrections of judicial errors. *See In re Marriage of Russell*, 556 S.W.3d at 458–60; *see also Montemayor*, 2011 WL 578603 at *2–3. Such corrections could have only been made before the expiration of the trial court's plenary power on November 20, 2022. *See* TEX. R. CIV. P. 329b(d), (f). However, the Third Order was entered several months after that date.

Therefore, the Third Order is void. *See In re Elizondo*, 544 S.W.3d at 825. We sustain Appellants' issue on appeal.

---

accordance with Rule 316 or 329b(f) when the trial court entered the order sua sponte. Because the parties did not challenge the trial court's authority to enter the Second Order, and we conclude that the Second Order intended to correct a clerical error, we will treat the Second Order as a judgment nunc pro tunc. *See* TEX. R. CIV. P. 329b(f) (providing that "the court may at any time correct a clerical error in the record of a judgment and render judgment nunc pro tunc under Rule 316").

## IV.    CONCLUSION

We vacate the trial court's judgment entered on August 19, 2023, and render judgment reinstating the trial court's May 8, 2023, judgment.

JON WEST
Justice

Delivered and filed on the
31st day of July, 2025.