**Opinion issued February 10, 2026.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-01052-CV

————————————

### MATILDE HERNANDEZ D/B/A ROOM BY ROOM HOME RENOVATIONS, Appellant

### V.

### DIANA SCHAUMBURG, Appellee

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Case No. 2025-43036**

---

## MEMORANDUM OPINION

On December 15, 2025, appellant Matilde Hernandez, doing business as Room by Room Home Renovations, proceeding pro se, filed a notice of appeal from a December 10, 2025 order removing an invalid or unenforceable lien.

On January 22, 2026, we notified appellant that it did not appear that the record contains a final judgment. Appellee Diana Schaumburg also moved to dismiss the appeal arguing that the appealed order is non-final. Appellant responded by conceding the order was non-final but asked this Court to abate the appeal, rather than dismiss it.

Generally, a Texas appellate court has jurisdiction to consider only an appeal from a final judgment. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* TEX. R. APP. P. 26.1 (appellate timetable runs from the date the judgment or order is signed). The clerk's record must include a copy of the court's judgment or other order that is being appealed. TEX. R. APP. P. 34.5. To be final, a judgment must dispose of all issues and parties in a case. *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966).

The trial court's December 105 order declared the lien affidavit invalid and directed the County Clerk to record the order under Texas Property Code § 53.160. But the December 10 order contains no finality language and does not purport to dispose of the entire case. As appellant concedes, the underlying action remains pending in the 125th District Court in Harris County, with trial scheduled and no final judgment issued.

Because the claims asserted by appellant were not finally adjudicated by the order being appealed, there is no final judgment or other appealable order for us to

consider. *See Lehmann*, 39 S.W.3d at 192–93, 205; *see also V.I.P. Royal Palace, LLC v. Hobby Event Ctr. LLC*, No. 01-18-00621-CV, 2020 WL 3579563, at *4 (Tex. App.—Houston [1st Dist.] July 2, 2020, no pet.) (mem. op.) ("Because the trial court's . . . order does not actually dispose of all claims and all parties, it is interlocutory and not final. . . .").

Finally, dismissal—not abatement—is appropriate. The order was not intended to be final, as appellant concedes, and it cannot be made final by a perfunctory or ministerial act because a trial on the merits remains scheduled. *Compare Iacono v. Lyons*, 6 S.W.3d 715, 716 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (abatement appropriate to sign an order granting nonsuit), *with Garcia v. Comm'rs Court of Cameron Cnty.*, 101 S.W.3d 778, 785–86 (Tex. App.—Corpus Christi 2003, no pet.) (abatement not appropriate where trial court must resolve significant issues).

Accordingly, we must dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We grant appellee's motion to dismiss and dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.