**Rosa Elena GARZA, Appellant,**

v.

**TEXAS DEPARTMENT OF HUMAN SERVICES, Appellee.**

**No. 04-87-00533-CV.**

Court of Appeals of Texas, San Antonio.

July 27, 1988.

Rehearing Denied Sept. 21, 1988.

Edward P. Cano, San Antonio, for appellant.

Fred G. Rodriguez, Criminal Dist. Atty., San Antonio, Esther L. Hajdar, Asst. Atty. Gen., Austin, Diane Garcia, Ad Litem, San Antonio, for appellee.

Before ESQUIVEL, REEVES and JAMES, JJ.

## OPINION

JAMES, Justice (Assigned).\*

This is an appeal from a judgment in which the parent-child relationship between Rosa Elena Garza and four of her five children was terminated following a trial before a jury. Garza brings three points of error in which she urges that the trial court erred (1) in denying her motion to transfer the suit to terminate the parent-child relationship to the district court where her divorce action was pending; (2) in overruling her motion for new trial in which she alleged lack of jurisdiction of the trial court to proceed on the suit to terminate the parent-child relationship; and (3) in proceeding to render judgment after denying her motion to transfer proceedings. Garza, hereinafter referred to by name or as appellant, does not challenge the lengthy jury findings which resulted in the termination of the parent-child relationship between the children and herself. Texas Department of Human Services will be hereinafter referred to as the Department or as appellee.

The lawsuit was originally filed in September, 1984, under Cause No. 84-PA-01088 as a suit affecting the parent-child relationship, and was filed on behalf of the Department, by and through the Bexar County Child Welfare Department. The lawsuit was amended in June, 1986, and in October, 1986, to include a request for termination of the parental rights of the legal and biological fathers of the children made the subject of the suit and of Garza, the mother of the children. On March 18, 1987, Garza filed her Respondent's Original Answer and Cross Action for Divorce, in which she sought a divorce from Alvino Garza, the legal father of the four children involved in the suit. The case had previously been set for trial on March 26, 1987, at 9:00 a.m. in the 289th District Court of Bexar County, Texas.

On the morning the case was set for trial, several procedural developments occurred, which give rise to the assigned points of error in this appeal. At 8:35 a.m. that day, Garza, through her attorney, filed a Motion for Nonsuit in the pending action, and obtained an order of dismissal without prejudice as to her cross-action for divorce. At 8:37 a.m., Garza, through her attorney, filed her "Original Petition for Divorce," which was docketed under Cause No. 87-CI-05343 in the 225th District Court of Bexar County, Texas, in which she again purported to seek a divorce from Alvino Garza, in a petition which is virtually identical in form and substance to the cross-action for divorce she had filed to dismiss only two minutes earlier. Thereafter, at 8:39 a.m., Garza filed a Motion for Transfer of Proceedings in Cause No. 84-PA-01088, which is at the crux of her points of error on appeal.

In her Motion for Transfer of Proceedings, Garza urged that:

Concurrent with the filing of Movant's Original Petition for Divorce [in Cause No. 87-CI-05343], Movant has filed the foregoing Motion to Transfer in Suit Affecting the Parent-Child Relationship in Cause No. 84-PA-01088.

\* \* \* \* \* \*

Pursuant to § 3.55(c) and § 11.06(c) of the Texas Family Code, Movant is enti-

\* Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T

CODE ANN. § 74.003(b) (Vernon 1988).

tled to transfer the proceedings in the Suit Affecting the Parent–Child Relationship in Cause No. 84–PA–01088 to the Court presiding over Cause No. 87–CI–05343 in the pending action for divorce filed by Movant.

The trial court heard the Motion for Transfer of Proceedings prior to the start of the jury trial and denied the motion. In addition, Garza filed a motion for continuance of the trial setting, which was also denied by the trial court. Following other preliminary matters, a jury was impaneled to hear evidence in the termination proceedings, and the trial was completed after five days of testimony encompassing twenty-three (23) witnesses, some of whom had been subpoenaed to appear for the termination action. At the conclusion of trial the jury rendered a verdict which terminated the parental rights of the legal and biological fathers of the four children, as well as the parental rights of Garza. Only she has appealed, but as previously noted, she has not attacked the jury's extensive findings which resulted in termination of the parent-child relationship.

■ On appeal, appellant urges that the duty to transfer a termination proceeding to the court where a divorce action is pending is a mandatory non-discretionary function of the trial court. In support of this position, she cites Sections 3.55(c) and 11.-06(c) of the Texas Family Code. Section 3.55(c) provides in pertinent part:

> If the parties are parents of a child ... and the child is under the continuing jurisdiction of another court under Section 11.05 of this code, either party to the suit for divorce ... may move the court for transfer of the suit affecting the parent-child relationship to the court having jurisdiction of the suit for divorce.... Proceedings for transfer under this section shall be governed by the procedures governing transfer under Section 11.06 of this code. On transfer of the proceedings to the court with jurisdiction of the suit for divorce ..., that court shall consolidate the suit affecting the parent-child relationship with the suit for divorce....

TEX.FAM.CODE ANN. § 3.55(c) (Vernon 1975). Section 11.06(c) additionally provides that:

> On a showing that a suit for dissolution of the marriage of the child's parents has been filed in another court, the court having continuing jurisdiction of a suit affecting the parent-child relationship shall transfer the proceedings to the court where the dissolution of the marriage is pending.

*Id.*, § 11.06(c) (Vernon 1986). Appellant contends that she has demonstrated such a "showing" as contemplated by Section 11.-06(c), and was, therefore, entitled to have the termination proceedings transferred to the court in which her newly-filed divorce action was pending.

■ In response to appellant's contention that transfer of the suit affecting parent-child relationship is mandatory and non-discretionary if the 'showing' required by Section 11.06(c) is made, both the Department and the attorney ad litem for the children urge that this matter is not properly before this Court because the sole remedy for an erroneous ruling on a motion to transfer is by petition for a writ of mandamus, and not by appeal. This assertion is without merit. In *Proffer v. Yates,* 734 S.W.2d 671 (Tex.1987), the Supreme Court of Texas acknowledged in an original mandamus proceeding that, while frequently inadequate to protect the rights of parents and children to a trial in a particular venue, remedy by appeal is available, as in the instant case.

The Department urges more compellingly that, contrary to Garza's contention, the trial court has discretion to deny a motion to transfer when the mandatory transfer provisions are abused. Drawing an analogy between the transfer provisions of Section 11.06 of the Texas Family Code and the legislative continuance statute, Section 30.003 of the Texas Civil Practice & Remedies Code, appellee asserts that at least two exceptions have been carved out of the latter provision for mandatory continuance of a court proceeding, where an attorney-legislator seeks to delay the trial. The first exception arises when the attorney-

legislator is employed by the movant for continuance within ten days of the date the suit is set for trial. The second exception exists when the non-movant can demonstrate that such a delay will defeat or abridge a substantial existing right. Referring to the second exception to the mandatory legislative continuance, the Supreme Court of Texas in *Waites v. Sondock*, 561 S.W.2d 772 (Tex.1977), held that:

> a legislative continuance is mandatory except in those cases in which the party opposing the continuance alleges that a substantial existing right will be defeated or abridged by delay. In cases of this type the trial court has a duty to conduct a hearing on the allegations. If the allegations are shown to be meritorious the court should deny the continuance.

*Id.* at 776. In the case at bar, the suit affecting the parent-child relationship had been on file for more than two-and-one-half years at the time it was set for trial. During that time, the suit was amended on two occasions to allege various acts of child abuse against the children involved in the case. At the time the case proceeded to trial, the children were no longer residing with Garza, having been removed from the home for a variety of reasons in the time since the inception of the lawsuit. The strategy employed by Garza in, first, non-suiting the cross-action for divorce, and second, filing a virtually identical "Original Petition for Divorce," both within minutes of the time trial was set to begin on the termination proceedings, appears to have been a "manipulative delay," as the attorney ad litem characterized the pre-trial developments. In addressing a similar situation arising under Section 11.06 of the Texas Family Code, the Dallas Court of Appeals reviewed the "actions and inactions" of a married couple seeking divorce in one county, who were also involved in a suit for termination of parental rights in another county, and held that they could not be allowed to claim that only the court where the divorce action was filed had jurisdiction to proceed, in the following language:

> To allow such a position would mean that the parties to lawsuit can, by their omissions, manipulate the courts by sitting in silence while sister courts issue orders regarding the same subject matter which, as here, conflict. We cannot countenance such trifling with the judicial system. The courts of this State are not to be 'played off' one against the other. (Citation omitted).

*Grimes v. Harris*, 695 S.W.2d 648 (Tex. App.—Dallas 1985, orig. mandamus proceeding). Equally persuasive in the instant factual circumstances is the admission by both Garza and her husband during their hearing on a request for appointment of counsel on appeal that neither of them desires or is actively seeking a divorce. The sole effect of granting the motion to transfer the termination proceedings to the court where the newly-filed divorce petition was assigned would have been further unwarranted delay in adjudicating the rights of the subject children. We do not believe this was, or ever could be, the intent of the drafters of the Texas Family Code, where such significant rights are involved.

Section 11.06(a), Texas Family Code, provides that:

> If venue is improperly laid in the court in which a suit affecting the parent-child relationship is filed, and no other court has continuing jurisdiction of the suit, on the *timely motion* of any party other than the petitioner, the *court shall transfer the proceeding to the county where venue is proper* on the basis of either a supporting uncontroverted affidavit or after a hearing when a controverting affidavit contesting the venue has been filed.

A motion to transfer is "timely" if it is made "at the time the initial pleadings are filed." TEX.FAM.CODE ANN. § 11.06(f) (Vernon 1986). Here, Garza misconstrues what constitutes her "initial pleadings" and ignores the fact that her "initial pleadings" consisted of her Respondent's Original Answer and Cross–Action for Divorce filed under Cause No. 84–PA–01088.

It is clear in the case at bar that appellant's motion to transfer proceedings was not timely under Section 11.06, where Garza had failed to file the motion contemporaneously with the filing of her Respon-

**48**

dent's Original Answer in the suit affecting the parent-child relationship. In the absence of a timely motion to transfer, there is no mandatory duty to transfer. The instant motion to transfer was filed only twenty-one (21) minutes prior to the time the trial on the termination proceedings was to commence, but more than one week after appellant had already affirmatively invoked the jurisdiction of the court where the termination proceedings were pending to file her first responsive pleading and to seek a divorce by way of a cross-action. Clearly under these circumstances, any objection to improper venue was waived where the motion to transfer was not filed contemporaneously with Garza's Original Answer to the termination suit.

Moreover, the transfer of the proceeding "to the county where venue is proper," as provided in Section 11.06(a), would have resulted in no transfer at all, under the facts involved in this case. Because the subject children were residents of Bexar County, and because the re-filed divorce action was also brought in Bexar County, the cause would obviously remain in Bexar County. There are none of the traditional grounds apparent in this case for a change of venue, and one might fairly and reasonably conclude that the sole basis for the improper invocation of Sections 3.55(c) and 11.06(c) was to delay the termination proceedings even further.

To permit a party to non-suit a pending cross-action for divorce on the day of trial where long-pending termination proceedings are involved, and then immediately re-file a virtually identical divorce action in another court in the same county in order to obtain transfer of the cause within the same county, makes a mockery of the statutory venue scheme and of our rules of civil procedure. To accept appellant's argument under these facts as a valid construction of Sections 3.55(c) and 11.06 would be to acquiesce in gross abuse of the judicial system, with incessant delay a necessary by-product, and to invite forum-shopping by means of manipulative delays.

Accordingly, we find no merit whatsoever in any of appellant's three points of error, and, therefore, we affirm the judgment of the trial court.