**In the Matter of the MARRIAGE OF Jose Homero MORALES and Eileen Martinez Morales.**

**No. 13–96–264–CV.**

Court of Appeals of Texas, Corpus Christi.

April 23, 1998.

Rehearing Overruled June 4, 1998.

David L. Evans, Bourland, Kirkland, Seidler & Evans, Jo Ann S. Reyes, Jeffrey H. Kobs, Richard Cazzell Deberry, Hooper & Evans, Fort Worth, for Appellant.

Gail Mason Kahn, Baltazar Coronado, Harlingen, Juan A. Guerra, District Attorney, Raymondville, Nemecio L. Lopez, Jr., Harlingen, Larry Warner, Brownsville, for Appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr., and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Guadalupe Mares, appellant, appeals the judgment of the Willacy County district court adjudging appellant to have no relationship to the child in question, Omar Morales, and dismissing his claim of paternity with prejudice. In four points of error, appellant alleges that the Willacy County court erred in: (1) overruling his plea in abatement; (2) decreeing that he had no standing to bring any type of action that affected the parent-child relationship between Omar and himself; (3) rendering judgment without providing constitutional and statutory due process; and (4) failing to provide reasonable notice of the first setting for trial in the cause. Because

we conclude the Willacy County court did not have subject matter jurisdiction over the child, Omar Morales, we do not reach the merits of appellant's arguments on appeal. We vacate the Willacy County court's judgment and dismiss the cause.

### FACTUAL BACKGROUND

Omar Morales was born on September 5, 1988. Although Jose and Eileen Morales were not yet divorced at the time of the birth, appellant contends that Jose and Eileen were separated, and that he is the biological father of Omar. The record before us shows the following events in connection with appellant's quest to establish his paternity of Omar:

1. In 1991, appellant filed, in a Dallas County district court, ("Dallas County Action") an original and first amended petition in a suit affecting the parent-child relationship seeking to establish his paternity of Omar. Both Jose Morales, and Eileen Morales (through her ad litem) answered this action.

2. On April 16, 1992, an attorney ad litem for Omar filed an original answer on behalf of Omar in a Tarrant County Paternity Action.[1] ("Tarrant Paternity Action").

3. On September 1, 1992, DNA testing, ordered in the Tarrant Paternity Action, excluded Jose Morales as the biological father of Omar, and established the probability of appellant's paternity as to Omar to be 99.88%.

4. On August 30, 1993, temporary orders were signed in the Tarrant Paternity Action making appellant temporary managing conservator of Omar.

5. On May 18, 1995, Jose Morales filed for divorce against Eileen Morales in Willacy County. ("Willacy Divorce Action"). In his petition for divorce, Jose alleged that he and Eileen were the parents of five children, including Omar. By agreed temporary orders, Jose Morales was named the temporary managing conservator of Omar. Appellant was not served or otherwise notified of the commencement of the Willacy Divorce Action.

6. On August 9, 1995, Carolina Morales, Jose's mother, intervened in the Willacy Divorce Action, seeking joint managing conservatorship of certain children of the marriage, including Omar.

7. On January 30, 1996, Jose Morales, Eileen Morales, and Carolina Morales filed a motion to transfer and consolidate the Tarrant Paternity Action to the Willacy Divorce Action. This motion was opposed by appellant and Gerald Pruitt, the attorney ad litem for Omar.

8. On March 6, 1996, the motion to transfer and consolidate was denied by the Tarrant County district court. The Tarrant County court found, as recited in the judgment, that Jose and Eileen Morales were previously divorced on December 1, 1988, in a separate Tarrant County Divorce Action.

9. On April 12, 1996, the appeal[2] of Jose Morales, Eileen Morales, and Carolina Morales from the order denying the motion to transfer and consolidate was denied in the Tarrant County Paternity Action. Trial in the Tarrant Paternity Action had been set for April 30, 1996.

10. On April 15, 1996, appellant filed his special appearance, plea to jurisdiction as to minor child, plea in abatement, and motion to sever custody issue as to Omar Morales in the Willacy Divorce Action. In support, appellant argued that the Tarrant County court, by reason of the suit affecting the parent child relationship, had jurisdiction over the claims asserted and the relief requested regarding the minor child Omar.

---

1. It appears as though the suit affecting the parent-child relationship concerning Omar was severed out of a prior divorce proceeding filed in Dallas County between Jose and Eileen Morales, and transferred to Tarrant County. In the absence of argument or evidence in the record showing this transfer to be improper, we assume it proper to continue the paternity action in Tarrant County.

2. Both parties, in their briefs, state that appellees "appealed" the Tarrant County court's ruling denying transfer. There is nothing in the record, however, to indicate that appellee's sought review of the trial court's decision in the appropriate appellate court by mandamus or otherwise.

Appellant's special appearance and plea to the jurisdiction was orally denied by the court.

11. On April 19, 1996, the Willacy Divorce Action was set for trial to be heard April 26, 1996.

12. On April 22, 1996, notice of the order setting the trial date was mailed to appellant's attorney.

13. On April 26, 1996, trial was held. Appellant was not present at the trial in the Willacy Divorce Action.

14. On April 29, 1996, a decree of divorce was entered in the Willacy Divorce Action wherein it was ordered that Jose and Carolina Morales be named joint managing conservators of Omar Morales. The Willacy Court found that appellant, despite being properly noticed of trial, failed to appear. The Willacy Court also found that appellant lacked standing to assert a paternity claim as to Omar, and dismissed his claim with prejudice.

15. On May 1, 1996, the trial court signed an order denying appellant's motions.

This appeal resulted. Because we find that appellee Jose Morales lacked standing to bring a suit affecting the parent-child relationship as to Omar, we must vacate the judgment of the Willacy Court as it pertains to Omar Morales.

## WILLACY COUNTY'S SUBJECT MATTER JURISDICTION

■ The concept of standing is a component of subject matter jurisdiction and, as such, cannot be waived and may be raised for the first time on appeal by the parties or by the court. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993); *Bowles v. Wade*, 913 S.W.2d 644, 648–49 (Tex.App.—Dallas 1995, writ denied) (quoting *Dallas County Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 468 (Tex.App.—Dallas 1994, writ denied) ("Appellate court jurisdiction of the merits of a case extends no further than that of the court from which the appeal is taken. If the trial court lacked jurisdiction, then an appellate court only has jurisdiction to set the judgment aside and dismiss the cause.")). We raise the issue of standing in this case sua sponte. "When an appellate court reviews the standing of a party sua sponte, it must construe the petition in favor of the party, and if necessary, review the entire record to determine if any evidence supports standing." *Texas Ass'n of Bus.*, 852 S.W.2d at 446; *Bowles*, 913 S.W.2d at 649.

■ A divorce case involving children of the marriage actually constitutes two separate and distinct lawsuits. Thus, when the parties to a divorce action are *parents* of a child, the suit for dissolution of the marriage must include a suit affecting the parent-child relationship under Title 5. TEX.FAM.CODE ANN. § 6.406(b) (Vernon Supp.1998).

Those persons having standing to file a suit affecting the parent-child relationship are specified in the Texas Family Code. *See* TEX.FAM.CODE ANN. § 102.003 (Vernon Supp. 1998). The family code has long granted a parent of a child such standing. Appellee Jose Morales filed his petition for divorce relying solely on his status as a parent of five children, including Omar, to support his standing in the accompanying suit affecting the parent-child relationship.[3]

■ The term "parent" is defined as "the mother, a man presumed to be the biological father or who has been adjudicated to be the biological father by a court of competent jurisdiction, or an adoptive mother or father." TEX.FAM.CODE ANN. § 101.024 (Vernon 1996). A child can have only one legal father. Therefore, it follows that a person adjudicated to be the biological father becomes the parent of a child to the exclusion of a man previously presumed to be the

---

**3.** There are instances where a man, not the legal parent of his wife's child, may have standing to institute a suit affecting the parent-child relationship in conjunction with a divorce proceeding. For example, such a man may have standing to bring a suit affecting the parent-child relationship of his wife's child provided that he maintained actual care, control, and possession of the child for not less than six months preceding the filing of the petition. TEX.FAM.CODE ANN. § 102.003(9) (Vernon 1996). Appellee Jose Morales, however, based his standing solely on his status as a "parent."

biological father. In other words, the language in section 101.024 regarding the biological father contemplates the existence of either a presumed biological father *or* an adjudicated biological father; not both.

 In the case at hand, appellant sought to establish his paternity of Omar in the Tarrant Paternity Action. DNA testing ordered in conjunction with this suit excluded Jose Morales as the biological father, and established the probability of appellant's paternity as to Omar to be 99.88%. Therefore, on August 30, 1993, temporary orders were signed in the Tarrant Paternity Action ordering that appellant (1) be appointed sole temporary managing conservator of Omar; (2) have all the rights, privileges, duties, and powers of a parent; and (3) have exclusive possession, custody, and control of Omar. Under the facts presented, we find these temporary orders tantamount to an adjudication that appellant was the biological father of Omar.[4] This conclusion is strengthened by the Tarrant County court's subsequent order denying appellees' motion to transfer wherein the Tarrant County court found "that if there is a divorce pending in Willacy County that *the biological father, Mr. Guadalupe Marez* [sic] [appellant] is not a party to that suit...." In the same order, the Tarrant County court stated that "the divorce action in Willacy County may be a sham for forum shopping since the cause here in Tarrant County contains a divorce between the same parties, Mr. & Mrs. Morales which was granted in Cause No. 360–115984 on December .1, 1988, in Tarrant County."

■ Therefore, at the time the Willacy Divorce Action was filed, appellant was the legal "parent" of Omar. More importantly, appellee Jose Morales was not the legal "parent" of Omar. Accordingly, appellee Jose Morales did not have standing as a parent to file a suit affecting the parent-child relationship as to Omar.

In the absence of any evidence supporting appellee Jose Morales's standing, we conclude, pursuant to the above cited authorities, that the Willacy County court lacked subject matter jurisdiction over appellee Jose Morales's suit affecting the parent-child relationship as it pertained to Omar. Accordingly, we vacate the Willacy County court's judgment and dismiss the cause as it pertains to the child in question, Omar Morales.

---

4. The fact that the adjudication is made in temporary orders is, in our opinion, of no consequence. The statute does not require a final adjudication and we find no such requirement in caselaw. Furthermore, the temporary orders were to remain "in full force and effect ... during the pendency of this suit or until further court order."