Desiree Menseer DIAZ, Appellant,

v.

Armando DIAZ, Appellee.

No. 13–03–158–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Feb. 5, 2004.

Kelly K. McKinnis, Attorney At Law, McAllen, for Appellant.

Nereyda Morales Martinez, Attorney At Law, Pharr, for Appellee.

Armando Diaz, Brownsville, pro se.

Before Chief Justice VALDEZ and Justices YAÑEZ and CASTILLO.

## OPINION

Opinion by Justice CASTILLO.

Appellant Desiree Menseer Diaz appeals from a decree of divorce granted after a final hearing held in her absence. We dismiss for want of jurisdiction.

### I. THE RECORD

On May 7, 2002, Mr. Diaz filed an original petition for divorce in which he sought dissolution of the parties' marriage. In the petition, Mr. Diaz identified the parties' minor children but did not request conservatorship of or support for them or otherwise incorporate a suit affecting the parent-child relationship ("SAPCR"). *See* TEX. FAM.CODE ANN. § 6.406(b) (Vernon 1998); *see also* TEX. FAM.CODE ANN. § 101.032 (Vernon 2002).

On October 28, 2002, Ms. Diaz mailed a letter to the court in which she stated she was writing in response to suit # F–17–4–02–4, the case below. The letter was filed of record. In the letter, Ms. Diaz identified Mr. Diaz and the parties' two minor children. She sought dissolution of the parties' marriage relationship. Like Mr. Diaz, Ms. Diaz also did not request conservatorship of or support for the minor children.

The final hearing convened on November 22, 2002. Ms. Diaz was not present. The trial court acknowledged that Ms. Diaz had filed an answer and asked if she had been given notice of the final hearing. Mr. Diaz's counsel said yes, and the hearing proceeded. Mr. Diaz testified and requested dissolution of the marriage, division of the community estate, and sole managing conservatorship of the children. The trial court took judicial notice of its file. It signed a post-answer default decree of divorce that dissolved the parties' marriage, named Mr. Diaz as sole managing conservator of the children and Ms. Diaz as possessory conservator, and ordered Ms. Diaz to pay child support.

We note that Mr. Diaz alleged in his petition that there were no court-ordered conservatorships, guardianships, or other court-ordered relationships affecting the children. His testimony at the final hearing did not substantiate that allegation. Ms. Diaz filed a verified motion for new trial that alleged that the children were under the continuing jurisdiction of a Minnesota court. Her testimony at the hearing on her motion for new trial sub-

stantiated the allegation. Mr. Diaz did not dispute or contradict at the hearing that the Minnesota court had continuing jurisdiction, nor does he do so on appeal. *See* TEX.R.APP. P. 38.1(f) (providing that appellate court will accept as true facts stated by one party unless another party contradicts them).

The trial court denied Ms. Diaz's motion for new trial. This appeal ensued.

## II. JURISDICTION

■■■■ Our initial inquiry is always whether we have jurisdiction over an appeal. *Garcia v. Comm'rs Court of Cameron County,* 101 S.W.3d 778, 779 (Tex.App.-Corpus Christi 2003, no pet.) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 443 (Tex.1993)). We are obligated to determine, sua sponte, our own jurisdiction. *Garcia,* 101 S.W.3d at 779 (citing *N.Y. Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 678 (Tex.1990) (per curiam)). Jurisdiction of a court is never presumed. *Garcia,* 101 S.W.3d at 783. Our jurisdiction is established exclusively by constitutional and statutory enactments. *Garcia,* 101 S.W.3d at 784; *see* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.2004). Unless one of the sources of our authority specifically authorizes an interlocutory appeal, we only have jurisdiction over an appeal taken from a final judgment. *Garcia,* 101 S.W.3d at 784. Absent an express grant of authority, we do not have jurisdiction to review an interlocutory order. *Id.* If the record does not affirmatively demonstrate our jurisdiction, we must dismiss the appeal. *Id.*

### A. Mandatory Joinder

A divorce case involving children of the marriage is actually two separate lawsuits. *In re Marriage of Morales,* 968 S.W.2d 508, 511 (Tex.App.-Corpus Christi 1998, no pet.). Thus, if the parties to a divorce proceeding are the parents of a child, any suit for dissolution of their marriage must include a SAPCR. TEX. FAM.CODE ANN. § 6.406(b) (Vernon 1998); *Morales,* 968 S.W.2d at 511. This joinder is mandatory. *Morales,* 968 S.W.2d at 511. Failure to follow joinder mandated by statute renders a judgment void. *Daniels v. Daniels,* 45 S.W.3d 278, 282 (Tex.App.-Corpus Christi 2001, no pet.); *see Minga v. Perales,* 603 S.W.2d 240, 241 (Tex.App.-Corpus Christi 1980, no writ) (setting judgment aside and remanding for joinder of necessary party).

We cannot conclude that the pleading Mr. Diaz filed incorporated a SAPCR. The petition did not comply with the pleading requirements mandated by section 102.008 of the family code. *See* TEX. FAM. CODE ANN. § 102.008 (Vernon 2002). Specifically, the petition did not state what action Mr. Diaz wanted the trial court to take with regard to conservatorship and support of the children. *See Dohrn v. Delgado,* 941 S.W.2d 244, 248 (Tex.App.-Corpus Christi 1996, orig. proceeding). Thus, we conclude that Mr. Diaz's suit for dissolution of the marriage did not include the requisite SAPCR. *See* TEX. FAM.CODE ANN. § 6.406(b) (Vernon 1998); *see also In re S.R.M.,* 601 S.W.2d 766, 770 (Tex.App.-Amarillo 1980, writ ref'd n.r.e.).[1]

Accordingly, Mr. Diaz's petition is defective and will not support a default judgment. *See C & H Transp. Co. v. Wright,* 396 S.W.2d 443, 446 (Tex.Civ.App.-Tyler 1965, writ ref'd n.r.e.). Where there is no pleading, there can be no judgment. *Cunningham v. Parkdale Bank,* 660 S.W.2d 810, 813 (Tex.1983). We hold that the trial court's post-answer default decree of divorce is void. *See Daniels,* 45 S.W.3d at

---

1. For the same reasons, Ms. Diaz's answer also does not contain the requisite SAPCR.

282. We have no jurisdiction over void orders. *See id.*

### B. *Finality*

 Moreover, a trial court's authority to resolve issues in controversy between parties to a divorce suit may be restricted because the court lacks the required jurisdiction to resolve child custody issues. Tex. Fam.Code Ann. § 6.308(b) (Vernon 1998); *see Dawson-Austin v. Austin,* 968 S.W.2d 319, 324 (Tex.1998) (quoting *Comisky v. Comisky,* 597 S.W.2d 6, 8 (Tex.Civ. App.-Beaumont 1980, no writ) ("Where the trial court in a divorce proceeding has no personal jurisdiction over the respondent, the trial court has the jurisdiction to grant the divorce, but not to determine the managing conservatorship of children or divide property outside of the State of Texas.")). It follows, therefore, even if the trial court's post-answer default decree of divorce is not void because the requisite SAPCR has not been joined, the trial court's jurisdiction to determine conservatorship and support of the children has not been decided. Any decree of divorce is therefore interlocutory. *See Dawson–Austin,* 968 S.W.2d at 324. We also have no jurisdiction to review an interlocutory divorce decree. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp.2004); *see also Garcia,* 101 S.W.3d at 784.

### III. *CONCLUSION*

Accordingly, we dismiss this appeal for want of jurisdiction. *See Saavedra v. Schmidt,* 96 S.W.3d 533, 550 (Tex.App.-Austin 2002, no pet.). The cause remains pending in the trial court. *See id.*