NUMBER 13-03-158-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




DESIREE MENSEER DIAZ,                                                  Appellant,

v.

ARMANDO DIAZ,                                                              Appellee.




On appeal from the County Court at Law Number Four
of Hidalgo County, Texas.




O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo
Opinion by Justice Castillo

         Appellant Desiree Menseer Diaz appeals from a decree of divorce granted after
a final hearing held in her absence. We dismiss for want of jurisdiction. 
I. THE RECORD
         On May 7, 2002, Mr. Diaz filed an original petition for divorce in which he
sought dissolution of the parties' marriage. In the petition, Mr. Diaz identified the
parties' minor children but did not request conservatorship of or support for them or
otherwise incorporate a suit affecting the parent-child relationship ("SAPCR"). See 
Tex. Fam. Code Ann. § 6.406(b) (Vernon 1998); see also Tex. Fam. Code
Ann. § 101.032 (Vernon 2002). 
         On October 28, 2002, Ms. Diaz mailed a letter to the court in which she stated
she was writing in response to suit #F-17-4-02-4, the case below. The letter was filed
of record. In the letter, Ms. Diaz identified Mr. Diaz and the parties' two minor
children. She sought dissolution of the parties' marriage relationship. Like Mr. Diaz,
Ms. Diaz also did not request conservatorship of or support for the minor children. 
         The final hearing convened on November 22, 2002. Ms. Diaz was not present. 
The trial court acknowledged that Ms. Diaz had filed an answer and asked if she had
been given notice of the final hearing. Mr. Diaz's counsel said yes, and the hearing
proceeded. Mr. Diaz testified and requested dissolution of the marriage, division of the
community estate, and sole managing conservatorship of the children. The trial court
took judicial notice of its file. It signed a post-answer default decree of divorce that
dissolved the parties' marriage, named Mr. Diaz as sole managing conservator of the 
children and Ms. Diaz as possessory conservator, and ordered Ms. Diaz to pay child
support. 
         We note that Mr. Diaz alleged in his petition that there were no court-ordered
conservatorships, guardianships, or other court-ordered relationships affecting the
children. His testimony at the final hearing did not substantiate that allegation. 
Ms. Diaz filed a verified motion for new trial that alleged that the children were under
the continuing jurisdiction of a Minnesota court. Her testimony at the hearing on her
motion for new trial substantiated the allegation. Mr. Diaz did not dispute or
contradict at the hearing that the Minnesota court had continuing jurisdiction, nor does
he do so on appeal. See Tex. R. App. P. 38.1(f) (providing that appellate court will
accept as true facts stated by one party unless another party contradicts them).
         The trial court denied Ms. Diaz's motion for new trial. This appeal ensued.
II. JURISDICTION
         Our initial inquiry is always whether we have jurisdiction over an appeal. Garcia
v. Comm'rs Court of Cameron County, 101 S.W.3d 778, 779 (Tex. App.–Corpus
Christi 2003, no pet.) (citing Tex. Ass'n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 443 (Tex. 1993)). We are obligated to determine, sua sponte, our
own jurisdiction. Garcia, 101 S.W.3d at 779 (citing N.Y. Underwriters Ins. Co. v.
Sanchez, 799 S.W.2d 677, 678 (Tex. 1990) (per curiam)). Jurisdiction of a court is
never presumed. Garcia, 101 S.W.3d at 783. Our jurisdiction is established
exclusively by constitutional and statutory enactments. Garcia, 101 S.W.3d at 784;
see Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2004). Unless one of
the sources of our authority specifically authorizes an interlocutory appeal, we only
have jurisdiction over an appeal taken from a final judgment. Garcia, 101 S.W.3d
at 784. Absent an express grant of authority, we do not have jurisdiction to review
an interlocutory order. Id. If the record does not affirmatively demonstrate our
jurisdiction, we must dismiss the appeal. Id. 
A. Mandatory Joinder
         A divorce case involving children of the marriage is actually two separate
lawsuits. Morales v. Morales, 968 S.W.2d 508, 511 (Tex. App.–Corpus Christi 1998,
no pet.). Thus, if the parties to a divorce proceeding are the parents of a child, any
suit for dissolution of their marriage must include a SAPCR. Tex. Fam. Code
Ann. § 6.406(b) (Vernon 1998); Morales, 968 S.W.2d at 511. This joinder is
mandatory. Morales, 968 S.W.2d at 511. Failure to follow joinder mandated by
statute renders a judgment void. Daniels v. Daniels, 45 S.W.3d 278, 282 (Tex.
App.–Corpus Christi 2001, no pet.); see Minga v. Perales, 603 S.W.2d 240, 241
(Tex. App.–Corpus Christi 1980, no writ) (setting judgment aside and remanding for
joinder of necessary party). 
         We cannot conclude that the pleading Mr. Diaz filed incorporated a SAPCR. The
petition did not comply with the pleading requirements mandated by section 102.008
of the family code. See Tex. Fam. Code Ann. § 102.008 (Vernon 2002). Specifically,
the petition did not state what action Mr. Diaz wanted the trial court to take with
regard to conservatorship and support of the children. See Dohrn v. Delgado,
941 S.W.2d 244, 248 (Tex. App.–Corpus Christi 1996, orig. proceeding). Thus, we
conclude that Mr. Diaz's suit for dissolution of the marriage did not include the
requisite SAPCR. See Tex. Fam. Code Ann. § 6.406(b) (Vernon 1998); see also In re
S.R.M., 601 S.W.2d 766, 770 (Tex. App.–Amarillo 1980, writ ref'd n.r.e.).


          Accordingly, Mr. Diaz's petition is defective and will not support a
default judgment. See C & H Transp. Co. v. Wright, 396 S.W.2d 443, 446 (Tex. Civ.
App.–Tyler 1965, writ ref'd n.r.e.). Where there is no pleading, there can be no
judgment. Cunningham v. Parkdale Bank, 660 S.W.2d 810, 813 (Tex. 1983). We
hold that the trial court's post-answer default decree of divorce is void. See Daniels,
45 S.W.3d at 282. We have no jurisdiction over void orders. See id. 
B. Finality
         Moreover, a trial court's authority to resolve issues in controversy between
parties to a divorce suit may be restricted because the court lacks the required
jurisdiction to resolve child custody issues. Tex. Fam. Code Ann. § 6.308(b) (Vernon
1998); see Dawson-Austin v. Austin, 968 S.W.2d 319, 324 (Tex. 1998) (quoting
Comisky v. Comisky, 597 S.W.2d 6, 8 (Tex. Civ. App.–Beaumont 1980, no writ)
("Where the trial court in a divorce proceeding has no personal jurisdiction over the
respondent, the trial court has the jurisdiction to grant the divorce, but not to
determine the managing conservatorship of children or divide property outside of the
State of Texas.")). It follows, therefore, even if the trial court's post-answer default
decree of divorce is not void because the requisite SAPCR has not been joined, the trial
court's jurisdiction to determine conservatorship and support of the children has not
been decided. Any decree of divorce is therefore interlocutory. See Dawson-Austin,
968 S.W.2d at 324. We also have no jurisdiction to review an interlocutory divorce
decree. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2004); see
also Garcia, 101 S.W.3d at 784. 
III. CONCLUSION
         Accordingly, we dismiss this appeal for want of jurisdiction. See Saavedra v.
Schmidt, 96 S.W.3d 533, 550 (Tex. App.–Austin 2002, no pet.). The cause remains
pending in the trial court. See id. 
 
                                                                        ERRLINDA CASTILLO
                                                                        Justice

Opinion delivered and filed
this 5th day of February, 2004.