In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00164-CV
_____

IN RE STEPHANIE DEATHERAGE

_____

Original Proceeding
_____

MEMORANDUM OPINION

In a petition for writ of mandamus, Stephanie Deatherage contends a 2011 paternity judgment of the 418th District Court of Montgomery County is void because a divorce action was pending in another court on the date of judgment. We deny mandamus relief.

In 2009, the Attorney General's Office filed a suit to establish the parent-child relationship between Charles William Allen and two children who were born to Stephanie Deatherage during her marriage to Ronnie Dean Deatherage. The paternity suit was consolidated with the Deatherage divorce case previously filed in the 418th District Court in Montgomery County, Texas. Charles personally

intervened, admitted paternity, and requested joint managing conservatorship. The Attorney General moved to sever the Deatherage divorce case and the paternity suit after court-ordered genetic testing revealed that Charles was the biological father of two of Stephanie's children. Stephanie and Charles reached a mediated agreement and on April 19, 2011, the trial court signed agreed temporary orders naming Charles and Stephanie as the parents and joint managing conservators. Stephanie filed a notice of non-suit of the Deatherage divorce case and the trial court dismissed the Deatherage divorce case on June 6, 2011.

In the paternity suit, Charles filed a motion to enforce the temporary orders and the trial court set a hearing for August 30, 2011. On August 17, 2011, Stephanie petitioned this Court for mandamus relief from the paternity suit hearing on the enforcement motion in No. 09-11-00456-CV. In her mandamus petition in cause No. 09-11-00456-CV, Stephanie argued, among other things, that the trial court abused its discretion in ordering genetic testing for children who had a presumed father. Without any record documentation, she alleged the 418th District Court lost jurisdiction over Charles's paternity suit because another suit for divorce had been filed in Ronnie's state of residence, Oregon. We denied the petition for mandamus in that action. *See In re Deatherage*, No. 09-11-00456-CV, 2011 WL

2

3947513, at *1 (Tex. App.—Beaumont Aug. 18, 2011, orig. proceeding [mand. denied]) (mem. op.).

On August 29, 2011, Stephanie then filed another petition for divorce and custody in San Jacinto County and that suit was assigned to the 258th District Court. In her San Jacinto County divorce petition, Stephanie stated that there were no orders in effect for any of the children, even though two of her children had been determined to be Charles's and were still subject to the temporary orders in the paternity suit in Montgomery County. In an affidavit filed with her San Jacinto County divorce petition, she swore she did not know of another person who has physical custody of the children or claims the right to legal or physical custody or visitation with them, which again disregarded Charles's paternity and request for custody in the paternity suit. On the same day she filed her San Jacinto Petition for Divorce and Custody, Stephanie filed a motion to transfer with the Montgomery County District Clerk seeking to have the 418th District Court transfer the paternity suit to the San Jacinto County action. A copy of an unsigned notice of hearing appears in the record.

On September 12, 2011, the 418th District Court signed an Order Establishing the Parent-Child Relationship in the paternity suit. The Order recites that Stephanie was duly notified of the hearing but failed to appear for trial and

3

was defaulted. The order also states that Ronnie was duly notified but failed to appear at the trial and was defaulted. The Order named Charles as the sole managing conservator of both children. Stephanie did not file an appeal of the Order.

On July 25, 2012, Stephanie filed a bill of review in which she alleged that she had not been served with the Attorney General's petition in the paternity suit, and she asked the court to set aside the Order entered in the paternity suit. *See In re L.E.A.*, No. 14-12-00911-CV, 2013 WL 1619395, at *1 (Tex. App.—Houston [14th Dist.] Apr. 16, 2013, no pet.) (mem. op.). At the bill of review hearing, Stephanie "admitted she filed an answer to the [paternity] suit, she was informed of the trial setting, she did not appear on the scheduled trial date, and did not file a motion for new trial." *Id.* The trial court denied her bill of review and Stephanie filed an appeal. The Houston Fourteenth Court of Appeals affirmed the denial of the bill of review. *Id.* at *2.

In the mandamus proceeding now before us, Stephanie argues the Order rendered in the paternity suit is void because she contends the 418th District Court lacked subject matter jurisdiction when the Order was issued. She argues that the 418th District Court had a ministerial duty to transfer the paternity suit to San Jacinto County pursuant to section 6.407 of the Texas Family Code and that the

4

418th District Court therefore lacked any jurisdiction to perform any action other than to transfer the paternity suit to the 258th District Court. *See* Tex. Fam. Code Ann. § 6.407 (West Supp. 2013) ("If a suit affecting the parent-child relationship is pending at the time the suit for dissolution of a marriage is filed, the suit affecting the parent-child relationship shall be transferred . . . to the court in which the suit for dissolution is filed."). We disagree.

At the time the Order was entered by the 418th District Court, L.E.A. and V.C.A. were no longer "children of the marriage" of Stephanie and Ronnie. "Parent" includes "a man presumed to be the father, a man legally determined to be the father, a man who has been adjudicated to be the father by a court of competent jurisdiction, [or] a man who has acknowledged his paternity under applicable law[.]" Tex. Fam. Code Ann. § 101.024(a) (West 2014). The temporary orders in the paternity suit adjudicated that Charles was the children's father. *See In re Morales*, 968 S.W.2d 508, 511-12 (Tex. App.—Corpus Christi 1998, no pet.). Because a child can have only one legal father, "a person adjudicated to be the biological father becomes the parent of a child to the exclusion of a man previously presumed to be the biological father." *Id.* Once Charles was adjudicated to be their father, Ronnie was no longer the presumed father and L.E.A. and V.C.A. were no longer "children of the marriage" of Stephanie and Ronnie. *Id.* Accordingly, the

5

mandatory transfer provision of section 6.407 of the Texas Family Code did not control the paternity suit.

Moreover, a party may be estopped from asserting a motion to transfer a SAPCR to the divorce court. *See Garza v. Tex. Dep't of Human Servs.*, 757 S.W.2d 44, 47 (Tex. App.—San Antonio 1988, writ denied); *Grimes v. Harris*, 695 S.W.2d 648, 651 (Tex. App.—Dallas 1985, orig. proceeding) (The general rule of dominant jurisdiction does not apply when a party is guilty of conduct justifying estoppel.). In *Garza*, the appellant non-suited the divorce, then re-filed in another court and moved to transfer the case. 757 S.W.2d at 47. The court of appeals reasoned that the trial court could refuse to allow the parents to assert their manipulatively-filed motion to transfer. *Id.* Likewise, the 418th District Court would have been justified here in refusing to allow Stephanie to assert a transfer right, if any.

We further note that nowhere in her mandamus petition does Stephanie argue nor does the record establish that she presented her collateral attack on the Order in the paternity suit to the trial court, and there is nothing in the record indicating that she ever asked the trial court to vacate the Order before she filed this petition for writ of mandamus. *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) (A party who complains that the trial

court refused to act must prove the matter was brought to the trial court's attention.). Therefore, she has not shown that the trial court failed to perform a ministerial act.

Having reviewed the mandamus petition and record in this matter, as well as the pleadings filed in No. 09-11-00456-CV, we conclude that Stephanie has failed to establish that she is entitled to mandamus relief. The petition for writ of mandamus is denied.

PETITION DENIED.

PER CURIAM

Opinion Delivered May 15, 2014

Before Kreger, Horton, and Johnson, JJ.

7