

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00368-CV

———————————————

LATRENDA S. COLEMAN, Appellant

V.

IVAN DUANE COLEMAN, JR., Appellee

———————————————

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-694422-21

———————————————

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

Pro se Appellant Latrenda S. Coleman appeals from the trial court's final decree of divorce (Decree) that includes custody orders related to the child she shares with Appellee Ivan Duane Coleman, Jr. In a single issue, Ms. Coleman contends that the evidence was insufficient for the trial court to enter orders regarding possession and access, child support, determination of the child's primary residence, and tax filings for the child. She does not contest the portion of the Decree that granted the parties' divorce. Mr. Coleman did not file an appellate response.

Because the Decree is void as to its child-custody determinations, we will reverse and remand that portion of the Decree.

## I. BACKGROUND

### A. MR. COLEMAN'S PETITION FOR DIVORCE

Mr. Coleman's unsworn original petition for divorce (Petition) was a fill-in-the-blanks form on which various options for jurisdictional allegations and relief appeared next to open boxes for Mr. Coleman to input checkmarks indicating his choices. He checked that he had lived in Tarrant County for the preceding ninety days, but there are no checkmarks next to any jurisdictional allegations related to Ms. Coleman's status in the county. Likewise, Mr. Coleman left blank all allegations about whether he or Ms. Coleman had lived in Texas for the last six months. The Petition requests a divorce and for the court to make determinations about the Colemans' community and separate property.

The Petition states that the Colemans are parents to a child, that the child's place of birth was "Dallas," and that the child at the time of filing the Petition lived in Texas. However, Mr. Coleman left blank the section of the Petition entitled "Jurisdiction over Children" that directed Mr. Coleman to state whether (1) the child had lived in Texas for at least the past six months or since birth or (2) whether there were other court orders or another court had continuing jurisdiction over the child. Finally, Mr. Coleman left blank the sections dedicated to his requests for orders on conservatorship, possession and access, and health insurance for the child. In other words, the Petition is devoid of any requested relief regarding custody or support of the child.

## B. THE DECREE

The Decree is a fill-in-the-blanks document similar to the Petition. Section one, titled "Appearances," is blank—except for including Mr. Coleman's full name—giving no indication whether either party was present, whether Ms. Coleman filed an answer or waiver of service, or whether Mr. Coleman served Ms. Coleman with the Petition.[1] Section three, titled "Jurisdiction," states that the trial court heard evidence

---

[1] The appellate record contains neither a return of service showing that Ms. Coleman was properly served with the Petition nor any answer to the Petition, but Ms. Coleman acknowledges in her Appellant's brief that she was served with the Petition and that she "did not provide a written response to the [Petition]" after being informed by the trial court clerk's office "that she did not have to respond if she agreed with the divorce . . . ." Ms. Coleman contends in her brief that, though she repeatedly requested notice of any trial court hearings held in this matter, she was provided no such notice and learned of the Decree only after it was entered.

and found that it had jurisdiction over the case and parties, that the residency and notice requirements had been met, and that the Petition met all legal requirements.

Sections four and fourteen ordered the Colemans divorced and divided their property and debts. In section five, titled "Children," the trial court found that the Colemans were the parents of the child and that no other court orders existed regarding the child. Listed are the child's name, sex, place of birth (Dallas), and Texas as the state "where the child lives now," but the child's date of birth and social security number are blank and there is no indication about how long the child had been in Texas or in Tarrant County.

Section seven, titled "Conservatorship (Custody)," outlines certain rights and duties of the parents and directed the trial court to "check box 7B(1)" if the parents were to be named joint managing conservators or to "check box 7B(2)" if one parent was to be named the sole managing conservator. Neither box is checked, however it is ordered that neither parent had the right to choose the primary residence of the child and that the child was not to be moved outside of "Arlington ISD." Further, it is ordered that Ms. Coleman has the right to receive child support, though section nine, titled "Child Support" is completely blank; the Decree never orders Mr. Coleman to pay any set amount for support.

In section eight, titled "Possession and Access (Visitation)," the trial court was directed to select whether the possession schedule was to be standard, modified, or supervised and to attach a copy of that possession order to the Decree. None of

4

these options are selected and no possession order is attached. Instead, there is a handwritten note scrawled in the margins of this section that appears to state: "Agreed between the parties." Finally, section ten orders that the child's health and dental insurance will be supplied through Ms. Coleman's employment but paid for by Mr. Coleman.

Apart from Ms. Coleman's notice of appeal, the record before us contains no other party filings, pleadings, or evidence.

## II. DISCUSSION

On appeal, Ms. Coleman contests only the evidentiary sufficiency supporting the trial court's child custody and possession orders; she does not contest the divorce orders. We need not consider Ms. Coleman's sole issue, however, because the record does not contain the requisite suit affecting the parent-child relationship (SAPCR), which renders any related orders void. Tex. R. App. P. 47.1.

### A. APPLICABLE LAW

Though a divorce suit and a SAPCR are separate and distinct suits, *see In re Marriage of Morales*, 968 S.W.2d 508, 511 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.), the petition in a suit for dissolution of a marriage, in which the parties are the parents of a child, must include a SAPCR. Tex. Fam. Code Ann. § 6.406. The SAPCR petition "must include," among other things, (1) "a statement that[] the court in which the petition [was] filed has continuing, exclusive jurisdiction or that no court has continuing jurisdiction of the suit" and (2) "a statement describing what action the

5

court is requested to take concerning the child and the statutory grounds on which the request is made." Tex. Fam. Code Ann. § 102.008(b)(1), (10).

"A court's jurisdiction to render judgment is invoked by pleadings, and a judgment unsupported by pleadings is void." *Ex parte Fleming*, 532 S.W.2d 122, 123 (Tex. Civ. App.—Dallas 1975, no writ); *see* Tex. R. Civ. P. 67, 301; *Stoner v. Thompson*, 578 S.W.2d 679, 682–83 (Tex. 1979); *Loban v. City of Grapevine*, No. 2-09-068-CV, 2009 WL 5183802, at *2 (Tex. App.—Fort Worth Dec. 31, 2009, no pet.) (mem. op.).

## B. CUSTODY ORDERS NOT SUPPORTED BY A SAPCR PLEADING

Mr. Coleman's Petition did not contain a SAPCR. It provided no jurisdictional information about the child; it contained no statements (1) that the trial court had continuing jurisdiction over the child, (2) that no other court orders existed concerning the child, or (3) that indicated where the child had lived in the six months preceding the filing of the Petition. Most striking, though, is the complete absence in the Petition of a request that the trial court take any action concerning the child. There are no requests for the trial court to determine issues of conservatorship, possession and access, child support, or the child's insurance. Thus, it is clear that the pleadings before the trial court—which included only the Petition—contained no requisite SAPCR. Without a SAPCR, the trial court had no jurisdiction to enter custody orders and any such orders are therefore void. *See Loban*, 2009 WL 5183802, at *2.

### III. CONCLUSION

Because the divorce proceedings must include a SAPCR related to the Colemans' child, Tex. Fam. Code Ann. § 6.406, we reverse and remand for further proceedings on the requisite SAPCR. Tex. R. App. P. 43.2, 43.3, 44.1(a); *see Seligman-Hargis v. Hargis*, 186 S.W.3d 582, 587 (Tex. App.—Dallas 2006, no pet.) (reversing and remanding as to only a portion of the divorce decree). We affirm all portions of the Decree concerning the dissolution of the Colemans' marriage and the division of their property and debts. Tex. R. App. P. 44.1(b).

/s/ Brian Walker

Brian Walker
Justice

Delivered: October 13, 2022

7