NUMBER 13-03-664-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

TEXAS ASSOCIATION OF

COUNTIES COUNTY GOVERNMENT

RISK MANAGEMENT POOL,                                                
Appellant,

 

                                           v.

 

HIDALGO COUNTY AND ENRIQUE

ESCALON,                                                             Appellees.

 

 

 

                  On appeal from the 275th
District Court

                           of Hidalgo
County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

                     Before Justices Rodriguez, Castillo
and Garza

                        Memorandum Opinion by Justice Castillo

 








Appellant Texas
Association of Counties County Government Risk Management Pool
("TACC"), complains the trial court erred in denying its motion for
summary judgment and granting summary judgment in favor of appellees, Hidalgo
County and Enrique Escalon.  We dismiss
for want of jurisdiction.

I.  Jurisdiction

Our initial inquiry is
always whether we have jurisdiction over an appeal.  Garcia v. Comm'rs Court of Cameron County,
101 S.W.3d 778, 779 (Tex. App.BCorpus Christi 2003,
no pet.) (citing Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d
440, 443 (Tex. 1993).  We are obligated
to determine, sua sponte, our own jurisdiction. 
Id. (citing N.Y. Underwriters Ins. Co. v. Sanchez,
799 S.W.2d 677, 678, (Tex. 1990) (per curiam)). 
In determining our jurisdiction, we analyze the claims brought by the
parties.  Id.  Because the question of jurisdiction is a
legal question, we follow the de novo standard of review.  Id. at 783 (citing Mayhew v.
Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998)). 

A.  Procedural History








TACC sought a
declaratory judgment and attorney fees against the county and Escalon regarding
the parties' status, rights, duties, and obligations under a county public
officials liability coverage instrument. 
The county and Escalon filed a counterclaim for declaratory
judgment.  The parties filed competing
summary-judgment motions.  Without
stating the grounds, the trial court denied TACC's motion and granted summary
judgment in favor of the county and Escalon, and awarded monetary relief as
well as pre- and post-judgment interest. 
Only TACC affirmatively requested statutory attorney fees in its live
pleading.  The judgment awards attorney
fees to the county and Escalon, and does not reference TACC's statutory
attorney fee request.  This appeal
ensued.

B.  Finality

Before we consider the
issues, we must first determine if the order granting summary judgment is a
final judgment.  Garcia, 101
S.W.3d at 784.  Although a
judgment following a trial on the merits is presumed to be final, there is no
such presumption of finality following a summary judgment or default
judgment.  In re Burlington Coat
Factory Warehouse of McAllen, Inc., No. 02-1084, 2005 Tex. LEXIS 510, at *4
(Tex. July 1, 2005) (orig. proceeding) (citing Lehmann v. Har‑Con
Corp., 39 S.W.3d 191, 199‑200 (Tex. 2001)).  "A judgment 'must be read in light of
the importance of preserving a party's right to appeal;' if we imply finality
from anything less than an unequivocal expression, a party's right to appeal
may be jeopardized."  Id. at
*8 (citing Lehmann, 39 S.W.3d at 206). 
The law does not require that a final judgment be in any particular
form. Garcia, 101 S.W.3d at 784. 
Therefore, whether a decree is a final judgment must be determined from
its language and the record in the case. 
Id.








Suits for declaratory
judgment are intended to determine the rights of parties when a controversy has
arisen, before any wrong actually has been committed.  Id. The stated purpose of the
Declaratory Judgment Act is "to settle and afford relief from uncertainty
and insecurity with respect to rights, status, and other legal relations."
Tex. Civ. Prac. &
Rem. Code Ann. ' 37.002(b) (Vernon
1997).  In a declaratory judgment action,
the trial court "may award costs and reasonable and necessary attorney's
fees as are equitable and just."  Tex. Civ.
Prac. & Rem. Code
Ann. ' 37.009 (Vernon 1997).  The law does not require prevailing‑party
status as a prerequisite to an award of attorney fees in a declaratory judgment
action.  Garcia, 101 S.W.3d at 784
(citing Barshop v. Medina County Underground Water Conservation Dist.,
925 S.W.2d 618, 637‑38 (Tex. 1996)); see State Farm Lloyds v. C.M.W.,
53 S.W.3d 877, 894 (Tex. App.BDallas 2001, pet.
denied); Hartford Cas. Ins. v. Budget Rent‑A‑Car, 796 S.W.2d
763, 771 (Tex. App.BDallas 1990, writ
denied). 

We have reviewed the
live pleadings of the parties.  The
judgment does not declare the rights of the parties on any of the requested
grounds in their live pleadings. 
Further, the judgment awards the county and Escalante attorney fees, but
it does not address TACC's claim for statutory attorney fees.  Accordingly, we conclude that the summary
judgment is not a final declaratory judgment. 
Id. at 785 (citing Lehmann, 39 S.W.3d at 204).  

C.  Disposition








By its live pleading,
TACC requested a declaration of, among other things, the parties' rights under
the coverage instrument.  Determination
of the issues associated with the parties' competing claims for statutory
declaratory relief and one party's affirmative claim for attorney fees, which
was brought post-competing summary-judgment proceedings, requires more than a
determination of perfunctory issues which can be procedurally cured by the
trial court entering a clarifying or similar order.  Garcia, 101 S.W.3d at 786; see
Parks v. Dewitt County Elec. Coop., 112 S.W.3d 157, 163 (Tex. App.BCorpus Christi 2003,
no pet.).  We have no authority to
abate.  Id.

II.  Conclusion

Accordingly, we hold
there is no final, appealable declaratory judgment before this Court over which
we have jurisdiction, nor can we merely abate the appeal until a final order is
before us.  This Court is without power
to review the order granting summary judgment. 
The appeal must be, and hereby is, dismissed for want of
jurisdiction.  Id. 

ERRLINDA CASTILLO

Justice

 

 

Memorandum Opinion delivered and filed

this the 31st day of August, 2005.

 











[1] See Tex.
R. App. P. 47.2, 47.4.