NUMBER 13-05-620-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

DONNA INDEPENDENT SCHOOL DISTRICT,                  Appellant,

 

                                           v.

 

MARIA MIRANDA, INDIVIDUALLY, AND 

AS NEXT FRIEND OF
SIMITRO I. ALVAREZ, III, 

A MINOR, MARIBEL
MIRANDA, INDIVIDUALLY, 

AND AS NEXT FRIEND OF
LISA ROCHA AND 

VICTOR AGUIRRE, MINORS
AND 

MARGARITA ARCINIEGA, INDIVIDUALLY,                    Appellees.

 

 

 

             On appeal from the County Court at Law No. 4 

of
Hidalgo County, Texas.

 

 

 

MEMORANDUM
OPINION[1]

 

                     Before Justices Hinojosa, Yañez, and
Castillo








                        Memorandum Opinion by Justice Castillo

 

The parties do not
dispute that a vehicular accident occurred on January 31, 2003, involving the
Mirandas [2]  and Lazaro Arevalo, an employee of Donna
Independent School District ("Donna ISD"). The parties also do not
dispute that two related proceedings existed in Court One (Donna ISD's
counterclaims) and Court Four (the Mirandas' second lawsuit after non-suiting
in Court One).[3]  The trial court denied Donna ISD's motion to
dismiss on statutory notice grounds and its plea in abatement.  The trial court  issued an order consolidating the Court One
case with that in Court Four.  Donna ISD
appeals.  Because Court Four granted
Donna ISD's requested relief, we dismiss the appeal as moot.

I.  ISSUES PRESENTED

In three issues, Donna
ISD asserts that Court Four erred in (1) denying the motion to dismiss, (2)
denying the motion to abate, and (3) granting the consolidation of the two
cases into the Court Four case.  The
Mirandas respond that the decision of Court Four was sound and the appeal is
not properly before this Court. 

II.  PROCEDURAL HISTORY

A.  Court One Proceedings








On April 4, 2003, the
Mirandas  filed a petition in Hidalgo
County Court at Law  Number 1 (Court One)
for personal injuries alleging that Arevalo failed to stop at a stop sign.  On June 12, 2003, Donna ISD and Arevalo filed
a joint answer and special exceptions. 
On February 10, 2004, Donna ISD and Arevalo filed an amended answer
asserting, in part,  governmental
immunity as an affirmative defense.  On
May 17, 2004, the Mirandas filed an amended petition ostensibly in response to
the special exceptions.  On August 3,
2004, Donna ISD filed a property-damage counterclaim alleging negligence and
negligence per se on grounds, in part, that the driver of the Mirandas' vehicle
was unlicensed and traveling in a school zone at an excessive rate of
speed.   On December 14, 2004, the judge
presiding in Court One  signed an order
of non-suit as to the Mirandas' claims.[4]   Donna ISD's counterclaim remained pending.

B.  Court Four Proceedings








On December 9, 2004,
the Mirandas filed a virtually identical petition in Hidalgo County Court
Number 4 (Court Four), while their first petition was still pending in Court
One.   On February 15, 2005, Donna ISD
filed a motion to dismiss asserting as grounds lack of statutory written notice
of the personal injury claim under the Texas Tort Claims Act ("the
Act").[5]  See Tex.
Civ. Prac. Rem. Code _ 101.101(a) (Vernon
2005).   In the alternative, Donna ISD
sought an order granting its plea in abatement on grounds that Court One
acquired and retained dominant jurisdiction. 
In the same document, Donna ISD filed a motion to consolidate the Court
One and Court Four lawsuits.

The Mirandas filed a
response opposing dismissal on grounds that Donna ISD, through its employee
Arevalo, had actual notice that they received some injury.   See Tex.
Civ. Prac. Rem. Code _ 101.101(c) (Vernon
2005).  In this response, the Mirandas
asserted that they timely provided written notice of the claim and attached
copies of two letters ostensibly reflecting compliance with statutory notice
requirements.  

In their response, the
Mirandas stipulated that Court Four should consolidate the lawsuit with that in
Court One because "they involve the same questions of fact and law."

3.  The Hearing

Court Four convened a
hearing on Donna ISD's motions.  Donna
ISD withdrew its motion to abate and the motion to consolidate.  The reason espoused for withdrawing the
latter was that the motion must be filed in Court One "because [it] has
the power since [it] had original primary jurisdiction."  Donna ISD sought dismissal based on lack of
written and actual statutory notice under the Act.  The trial court clarified Donna ISD's
position as follows:

The Court:  So, then, it's either dismiss or abate?








[Donna ISD's
Counsel]:  Or abate.  Yes, Your Honor. . . .  The abatement in this case is because [Court
One] acquired primary jurisdiction.  He
filed over there first.  There's still
causes of action pending there, and this Court has an obligation under the
rules of economy to just abate these proceedings here and proceed over there in
[Court One].    

 

The Mirandas' counsel
argued Donna ISD had actual notice by its independent investigation at the
scene of the collision and the police report. 
A police report was not offered in evidence.           The
Mirandas  requested the trial court
transfer the case to Court One.  The
record reads:

[The Mirandas'
Counsel]:  Judge, we filed B we have another case
on the same accident pending in Court 1, and we filed a Motion for Summary
Judgment on B regarding liability
over there, and then we got another file over here, and I'm just wondering if
we should consolidate both cases over there since it was filed over there
before it was filed over here.

 

By their written and
oral motions, the Mirandas requested Court Four to "consolidate" both
cases to Court One.  Court Four took the
matter under advisement.  

4.  The Complained-Of Orders 

On August 29, 2005,
Court Four signed two orders as follows:

a.  Order Denying Donna ISD's Motion to Dismiss

The order recites as
follows:

   On this 23rd day of March 2005, came to be
heard Defendant [sic] Motion to Dismiss. 


 

   The Court after receiving Plaintiffs'
opposition and after reviewing the police report, which indicates, Defendant
failed to yield the right of way of a stop sign [sic], denies this Motion to
Dismiss.

 








Implicit in Court
Four's denial is the rejection of Donna ISD's motion to abate on grounds that
Court One had primary jurisdiction by virtue of the pending first-filed
counterclaims in that court.   We observe
that a copy of a  police report is in the
clerk's record; however, the police report was not in the parties' live
pleadings.[6]  

b.  Order Granting the Mirandas' Motion to
Consolidate

The order recites as
follows:

   On this 23rd day of March, 2005, came to be
considered Plaintiffs' Motion to Consolidate. 
The Court, after considering this motion finds [it] meritorious and
grants it.   

 

   IT IS THEREFORE ORDERED, that Motion to
Consolidate Court One Cause of Action CL-42-041-A with Court Four Cause of
Action CL-04-2860-D is granted.

 

Court Four granted the
sole motion before it to consolidate the case with that in Court One.  Donna ISD asserts that the cases were
consolidated into the Court Four cause number. 
However, the order states only that it consolidates the cases.  Harmonizing the language of the order and its
intended purpose, as more fully discussed below, we conclude that the two cases
are consolidated into the Court One cause number.  

III.  JURISDICTION








Our initial inquiry is
always whether we have jurisdiction over an appeal.  Garcia v. Comm'rs Court of Cameron County,
101 S.W.3d 778, 779 (Tex. App.BCorpus Christi 2003,
no pet.) (citing Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d
440, 443 (Tex. 1993)). We are obligated to determine, sua sponte, our own
jurisdiction. Id. (citing N.Y. Underwriters Ins. Co. v. Sanchez,
799 S.W.2d 677, 678 (Tex. 1990) (per curiam)). In determining our jurisdiction,
we analyze the claims brought by the parties. 
Id.  Because the question
of jurisdiction is a legal question, we follow the de novo standard of review. Id.
at 783 (citing Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex.
1998)).  Jurisdiction of a court is never
presumed.   Id. (citing El‑Kareh
v. Tex. Alcoholic  Beverage Comm'n,
874 S.W.2d 192, 194 (Tex. App.BHouston [14th Dist.]
1994, no writ)). If the record does not affirmatively demonstrate the appellate
court's jurisdiction, the appeal must be dismissed.  Id. 
Therefore, we must first determine our jurisdiction to review the issues
presented.

A.  Application to the Facts

1.  The Mirandas' Motion to Consolidate








Both parties
ostensibly invoked Court Four's jurisdiction. 
The Mirandas filed a new lawsuit in Court Four even before Court One's
plenary jurisdiction over the case expired.[7]  Donna ISD requested Court Four dismiss the
case before it on statutory notice grounds. 
Court Four denied the motion. 
Alternatively, Donna ISD requested Court Four abate the case because of
the Court One case.  

On appeal, Donna ISD
complains that Court Four must abate the case because of Court One's
jurisdiction over the same claims (issue two) or must consolidate the case with
the case in Court One (issue three). Importantly, the parties requested
affirmative relief that the two cases be consolidated in Court One.  The Mirandas expressly requested by written
and oral motion that Court Four transfer its jurisdiction over the case before
it to Court One.  Court Four granted the
motion.  The order granting the Mirandas'
motion to consolidate provides all the relief requested in the sole pleading
before it.   By its order consolidating
its case with that in Court One, Court Four effectively transferred its
jurisdiction to Court One.[8]  By so doing, Court Four divested itself of
jurisdiction over the case before it.[9]  Accordingly, Donna ISD's argument that Court
Four improperly retained jurisdiction instead of transferring it is not
supported by the record.  We turn to the
question of Court Four's power to consider and deny Donna ISD's motion to
dismiss, pertinent to Donna ISD's first issue.

2.  Donna ISD's Motion to Dismiss or,
Alternatively,  Abate








Before addressing the
merits of this issue, we must first determine whether the controversy has
become moot.  See Bd. of
Adjustment v. Wende, 92 S.W.3d 424, 426 (Tex. 2002); McClure v. JPMorgan
Chase Bank, 147 S.W.3d 648, 651 (Tex. App.BFort Worth 2004, pet. denied).  Under the classic mootness doctrine, a
justiciable controversy is definite and concrete and must impact the legal
relations of parties having adverse legal interests.   JPMorgan, 147 S.W.3d at 651(citing Aetna
Life Ins. Co. v. Haworth, 300 U.S. 227, 240‑41(1937)).  Our jurisdiction is restricted to such actual
controversies.  Id. (citing
Camarena v. Tex. Employment Comm'n, 754 S.W.2d 149, 151 (Tex. 1988)).  A controversy must exist between the parties
at every stage of the legal proceeding, including the appeal.  Id. (citing Wende, 92 S.W.3d at
at 427). Thus, when an appeal is moot, we dismiss the cause.  See id.  

In this case, by its
second issue Donna ISD seeks a determination that Court Four improperly denied
its motion to abate because Court One had jurisdiction.  However, Court Four granted the parties the
relief sought.  Thus, the appeal is moot.
         We pause to observe that, because
Court Four transferred the case to Court One, it arguably had no power to deny
Donna ISD's motion to dismiss and thus its order doing so would be void.[10]   However, even assuming that Court Four had
the power to deny the motion to dismiss, the order remains pending before Court
One by virtue of Court Four's consolidation order.[11]

IV.  CONCLUSION








Because Court Four
granted Donna ISD the relief it requests on appeal, we dismiss this appeal as
moot.                                       

 

ERRLINDA CASTILLO

Justice

 

 

Memorandum Opinion delivered and filed

this 27th day of July,
2006.                                   

 

 

 

 

 

 

 











[1] See Tex. R. App. P. 47.1, 47.4.





[2] Appellees are Marisa Miranda,
individually and as next friend of Simitro I. Alvarez, III (a minor), Maribel
Miranda individually and as next friend of Lisa Rocha and Victor Aguirre
(minors), and Margarita Arcinaga, individually. 
For ease of reference we refer to appellees collectively as "the
Mirandas."





[3] The Mirandas non‑suited
their petition in Court One, leaving Donna ISD's counterclaims to be determined
by that Court.  The Mirandas do not
dispute that the counterclaims remained viable after the non-suit.  





[4] The order recites that the
Mirandas filed a motion for non-suit. 
The motion is not in the appellate record.  In their motion to dismiss the appeal, more
fully discussed below, the Mirandas assert that they "encountered
difficulty in the prosecution of this lawsuit" and moved to non-suit in
Court One.  We observe that they filed a
virtually identical lawsuit in Court Four five days before Court One signed the
order of non-suit.





[5] 
Personal injury claimants must give a governmental unit written notice
of the occurrence unless the governmental unit 
has actual notice.   See Tex. Civ. Prac. & Rem. Code Ann. ' 101.101(a), (c). (Vernon
2005).  A school district is a
governmental unit. Tex. Civ. Prac. &
Rem. Code Ann. ' 101.001(3)(B) (Vernon 2005).  





[6] Pursuant to Rule 201 of the Texas
Rules of Evidence, judicial notice may be taken sua sponte at any stage of the
proceedings of any fact which "is either (1) generally known within the
territorial jurisdiction of the trial court or (2) capable of accurate and
ready determination by resort to sources whose accuracy cannot reasonably be
questioned."  Tex. R. Evid. 201.  A court may take judicial notice of matters
of public record for the first time on appeal. 
Besing v. Smith, 843 S.W.2d 20, 21 (Tex. 1992) (Mauzy, J.,
dissenting).  Because of our disposition
of this appeal, we do not decide the propriety of the trial court's reliance on
the police report.





[7] Generally, plaintiffs have the
right under rule 162 to take a non-suit at any time until they have introduced
all evidence other than rebuttal evidence. 
See Tex. R. Civ. P.
162; In re Bennett, 960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding)
(citations omitted).  However, the
signing of an order dismissing a case, not the filing of a notice of non-suit,
is the starting point for determining when a trial court's plenary power
expires.  Id.  In this case, because rule 162 authorized the
Mirandas to non-suit their claims, we do not address the reasons espoused for
refiling the claim in Court Four during Court One's plenary jurisdiction over
the same claim.   





[8] In order to consolidate the cases,
they must first be transferred to the same court.  





[9] The trial court must determine at
its earliest opportunity whether it has the constitutional or statutory
authority to decide the case before allowing the litigation to proceed.  Tex. Dep't of Parks & Wildlife v. Miranda,
133 S.W.3d 217, 226 (Tex. 2002) (citing State Bar of Tex. v. Gomez, 891
S.W.2d 243, 245 (Tex. 1994); Austin & NW. R.R. Co. v. Cluck, 97 Tex.
172, 77 S.W. 403, 405 (Tex. 1903)).  We
conclude that, consistent with the principle of deciding the question of
jurisdiction before the merits, Court Four dispensed with the motion to
consolidate before the motion to dismiss on grounds of statutory notice.   

 





[10] Because we have no jurisdiction
over a void order, we would dismiss the appeal on that ground.  See Diaz v. Diaz, 126 S.W.3d 705, 708
(Tex. App.BCorpus Christi 2004, no pet.).





[11] We observe that the Mirandas'
summary-judgment motion is pending in Court One.