NUMBER 13-05-751-CV

 

COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG






EL VALLE DEL SOL, INC., Appellant,


v.


TEX-AG PROPERTIES COMPANY, INC., Appellee.






On appeal from the 332nd District Court

of Hidalgo County, Texas.






MEMORANDUM OPINION (1)


Before Chief Justice Valdez and Justices Yañez and Castillo

Memorandum Opinion by Justice Castillo


 The sole issue appellant El Valle del Sol, Inc. (El Valle) presents is whether the
trial court erred in dismissing its claim for sanctions and not convening an evidentiary
hearing. Claiming lack of notice, El Valle did not appear at the scheduled hearing
convened on appellee Tex-Ag Properties Company, Inc.'s (Tex-Ag) motion to dismiss
the sanctions claim. We dismiss for lack of jurisdiction. 

I. Background

 El Valle retained a vendor's lien interest in real property the subject of a
declaratory judgment title and encroachment action filed by Tex-Ag. El Valle filed a
counterclaim for sanctions on limitations grounds and for statutory attorney fees in a
declaratory judgment action. (2) See Tex. R. Civ. P. 13; Henry v. Low, 132 S.W.3d 180,
190 (Tex. App.-Corpus Christi 2004, pet. granted); see also Tex. Civ. Prac. & Rem.
Code Ann. § 37.009 (Vernon 1997). 

 Tex-Ag filed a non-suit after it settled with other impleaded parties, leaving the
rule 13 claim and the statutory claim for attorney fees as the unresolved issues before
the trial court. See Tex. R. Civ. P. 162. Attacking solely the rule 13 counterclaim,
Tex-Ag filed special exceptions and a motion to dismiss. Tex-Ag asserted that rule 13
did not provide a viable cause of action and requested the trial court to order El Valle
to replead. On the parties' agreement, El Valle amended its counterclaim and included
claims for rule 13 sanctions and statutory attorney fees. Tex-Ag countered with new
special exceptions and a motion to dismiss on grounds, among others, that the rule 13
sanctions claim was not a viable cause of action that survived non-suit. In its motion,
Tex-Ag asserted that rule 13 sanctions "should be considered as a preliminary motion
or plea, but not as grounds for an independent cause of action that is the ultimate
disposition of the case." Tex-Ag never addressed the statutory attorney fee claim. 

 The trial court set and convened a hearing on Tex-Ag's special exceptions and
motion to dismiss. El Valle did not appear. At the hearing, the following colloquy
ensued between Tex-Ag's counsel and the trial court with respect to El Valle's
absence:

 [Counsel]: . . . And we would ask the Court to dismiss that independent
[rule 13] claim as a-as a claim against [Tex-Ag]. . . .

 

 The Court: Is there anybody on the other side? . . . . There is no
response filed?


 [Counsel]: Not that we are aware of.

 The Court: Then the motion to dismiss is granted. 

 The trial court entered an order granting the motion to dismiss on grounds that
the rule 13 "counterclaim should not stand as an independent cause of action." The
trial court ordered the claim "dismissed as an invalid ground for an independent cause
of action." A few days later, the trial court entered a non-suit order. 

 El Valle filed a motion for new trial asserting as grounds that its failure to appear
was due to lack of notice of the hearing and that it had a meritorious rule 13 claim on
grounds, among others, of a false affidavit it claimed Tex-Ag filed in connection with
summary-judgment proceedings. In its motion for new trial, El Valle also requested an
evidentiary hearing. 

 On appeal, the parties do not dispute that El Valle's motion for rule 13 sanctions
was pending at the time the non-suit was filed and before the non-suit order was
entered. See Tex. R. Civ. P. 13, 162; Tex. R. App. P. 38.1(f); Fredonia State Bank v.
Gen. Am. Life Ins. Co., 881 S.W.2d 279, 283 (Tex. 1994) (construing predecessor
rule to rule 38.1). The trial court expressly granted the dismissal motion on grounds
that the rule 13 claim was an "invalid ground for an independent cause of action." 
The conclusion is in error. See Tex. R. Civ. P. 13,162; Low, 132 S.W.3d at190; see
also Mowbray v. Avery, 76 S.W.3d 663, 678 (Tex. App.-Corpus Christi 2002, pet.
denied). 

 Even so, the statutory claim for attorney fees survived the rule 162 non-suit. 
See Tex. R. Civ. P. 162; Univ. of Tex. Med. Branch at Galveston v. Estate of
Blackmon, 195 S.W.3d 98, 100-101 (Tex. 2006) (citing BHP Petroleum Co., Inc. v.
Millard, 800 S.W.2d 838, 841(Tex. 1990) (per curiam) ("A claim for affirmative relief
must allege a cause of action, independent of the plaintiff's claim, on which the
claimant could recover compensation or relief, even if the plaintiff abandons or is
unable to establish his cause of action"). Rule 162 permits the trial court to hold
hearings and enter orders affecting costs, attorney fees, and sanctions, even after
notice of non-suit is filed, while the court retains plenary power. Id. at 101 (citing In
re Bennett, 960 S.W.2d 35, 38 (Tex. 1997)). Tex-Ag's motion was limited to the rule
13 claim. The trial court had no pleading before it upon which to enter a judgment
with respect to statutory attorney fees. Where there is no pleading, there can be no
judgment. Cunningham v. Parkdale Bank, 660 S.W.2d 810, 813 (Tex. 1983). Thus,
the statutory attorney fee claim remains pending. Accordingly, we turn to the
question of our jurisdiction over this appeal.

II. Jurisdiction

 The trial court's order granting Tex-Ag's motion to dismiss the rule 13
counterclaim does not address El Valle's claim for statutory attorney fees. Thus, we
are obligated to determine the finality of the trial court's order in connection with our
own jurisdiction. See Garcia v. Comm'rs Court of Cameron County, 101 S.W.3d 778,
779 (Tex. App.-Corpus Christi 2003, no pet.) (citing N.Y. Underwriters Ins. Co. v.
Sanchez, 799 S.W.2d 677, 678 (Tex. 1990) (per curiam)); Tex. Ass'n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). In determining our jurisdiction,
we analyze the claims brought by the parties. Garcia, 101 S.W.3d at 779. Because
the question of jurisdiction is a legal question, we follow the de novo standard of
review. Id. at 783 (citing Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928
(Tex. 1998)). 

 Although a judgment following a trial on the merits is presumed to be final, there
is no such presumption of finality following a summary judgment or default judgment. 
In re Burlington Coat Factory Warehouse of McAllen, Inc., 167 S.W.3d 827, 829 (Tex.
2005) (orig. proceeding) (citing Lehmann v. Har-Con Corp., 39 S.W.3d 191, 199-200,
(Tex. 2001)). "A judgment 'must be read in light of the importance of preserving a
party's right to appeal;' if we imply finality from anything less than an unequivocal
expression, a party's right to appeal may be jeopardized." Id. at 830 (citing Lehmann,
39 S.W.3d at 206). The law does not require that a final judgment be in any particular
form. Garcia, 101 S.W.3d at 784 (citing Lehmann, 39 S.W.3d at 195). Therefore,
whether a decree is a final judgment must be determined from its language and the
record in the case. Id.

III. Conclusion

 We have reviewed the live pleadings of the parties and the trial court's dismissal
order. El Valle's statutory claim for attorney fees remains unaddressed and pending
before the trial court. Accordingly, we conclude that the order dismissing the rule 13
sanctions claim is not a final appealable order. See Lehmann, 39 S.W.3d at 204;
Garcia, 101 S.W.3d at 784. We dismiss for want of jurisdiction. See Tex. R. App. P.
43.2(f). 

 

 ERRLINDA CASTILLO

 Justice



Memorandum Opinion delivered and 

filed this 28th day of August, 2006. 
1. See Tex. R. App. P. 47.1, 47.2, 47.4. 
2. Filed on August 1, 2005, El Valle's live pleading is titled, "Defendant's Second Amended
Answer and Counterclaim." In a declaratory judgment action, the trial court "may award costs and
reasonable and necessary attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code Ann.
§ 37.009 (Vernon 1997). The law does not require prevailing-party status as a prerequisite to an award
of attorney fees in a declaratory judgment action. Garcia v. Comm'rs Court of Cameron County, 101
S.W.3d 778, 779 (Tex. App.-Corpus Christi 2003, no pet.) (citing Barshop v. Medina County
Underground Water Conservation Dist., 925 S.W.2d 618, 637-38 (Tex. 1996)); see State Farm Lloyds
v. C.M.W., 53 S.W.3d 877, 894 (Tex. App.-Dallas 2001, pet. denied); Hartford Cas. Ins. v. Budget
Rent-A-Car, 796 S.W.2d 763, 771 (Tex. App.-Dallas 1990, writ denied).